1  PATRICIA K. GILLETTE (SBN 74461)
   pgillette@orrick.com
2  ANDREW R. LIVINGSTON (SBN 148646)
   alivingston@orrick.com
3  BROOKE D. ARENA (SBN 238836)
   barena@orrick.com
4  AUBRY R. HOLLAND (SBN 259828)
   aholland@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, California 94105-2669
7  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
8
   Attorneys for Defendant
9  SUR LA TABLE, INC.

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  RALF SINGH-BISCHOFBERGER, on          Case No. LACV11-5495 DSF (FFMx)
    behalf of himself and all others similarly
14  situated, and as an "aggrieved          NOTICE OF REMOVAL BY
    employees" *on behalf of other*        DEFENDANT SUR LA TABLE,
15  *aggrieved employees" under the*       INC.
    *Labor Code Private Attorneys General*
16  *Act of 2004* Plaintiff,

17        v.

18  SUR LA TABLE, INC., a Washington
    corporation; and DOES 1-50, inclusive,
19
20              Defendants.

21
22
23
24
25
26
27
28

FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# TABLE OF CONTENTS

Page

BACKGROUND ................................................................................................. 1

TIMELINESS OF REMOVAL .......................................................................... 2

DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS
    ACT ............................................................................................................ 2

DIVERSE CITIZENSHIP OF THE PARTIES .................................................. 3

CLASS SIZE ...................................................................................................... 5

AMOUNT IN CONTROVERSY ....................................................................... 6

NO BASIS FOR DECLINING JURISDICTION EXISTS .............................. 11

VENUE ............................................................................................................. 11

NOTICE TO PLAINTIFF ................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Bell v. Preferred Life*,
   320 U.S. 238 (1943) ................................................................. 10

*Burns v. Windsor Ins. Co.*,
   31 F.3d 1092 (11th Cir. 1994) ........................................................ 8

*DeAguillar v. Boeing Co.*,
   47 F.3d 1404 (5th Cir. 1995) ......................................................... 8

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ....................................................... 10

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ......................................................... 8

*Gibson v. Chrysler*,
   261 F.3d 927 (9th Cir. 2001) ........................................................ 11

*Goldberg v. C.PC. Int'l., Inc.*,
   678 F.2d 1365 (9th Cir. 1982) ....................................................... 10

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ...................................................... 7, 8

*Industrial Tectonics, Inc. v. Aero Alloy*,
   912 F.2d 1090 (9th Cir. 1990) ..................................................... 4, 5

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) ........................................................ 3

*LeBlanc v. Cleveland*,
   248 F.3d 95 (2d Cir. 2001) ........................................................... 3

*Luckett v. Delta Airlines, Inc.*,
   171 F.3d 295 (5th Cir. 1999) ......................................................... 8

*Lundquist v. Precision Valley Aviation, Inc.*,
   946 F.2d 8 (1st Cir. 1991) ........................................................... 3

NOTICE OF REMOVAL BY
DEFENDANT SUR LA TABLE, INC.

*Newcombe v. Adolf Coors Co.,*
 157 F.3d 686 (9th Cir. 1998) ...................................................................... 5

*Sanchez v. Monumental Life Ins. Co.,*
 102 F.3d 398 (9th Cir. 1996) ...................................................................... 7

*Serrano v. 180 Connect, Inc.,*
 478 F.3d 1018 (9th Cir. 2007) ................................................................... 3

*Singer v. State Farm Mutual Auto Ins. Co.,*
 116 F.3d 373 (9th Cir. 1997) ...................................................................... 7

*State Farm Mut. Auto Ins. Co. v. Dyer,*
 19 F.3d 514 (10th Cir. 1994) ...................................................................... 3

*The Hertz Corp v. Friend,*
 559 U.S. __, 130 S. Ct. 1181 (2010) ........................................................ 4

*White v. FCI USA, Inc.,*
 319 F. 3d 672 (5th Cir. 2003) .................................................................... 8

**FEDERAL STATUTES**

28 U.S.C. § 84(a), 1391 and 1446 .............................................................. 11

28 U.S.C. § 1332(c)(1) ............................................................................... 4

28 U.S.C. § 1332(d) ........................................................................... 2, 3, 11

28 U.S.C. § 1332(d)(3) ........................................................................ 3, 11

28 U.S.C. § 1332(d)(4) ............................................................................ 11

28 U.S.C. § 1332(d)(5) .............................................................................. 3

28 U.S.C. § 1332(d)(6) .............................................................................. 6

28 U.S.C. § 1391 ...................................................................................... 11

28 U.S.C. § 1441(a) ............................................................................... 3, 5

28 U.S.C. § 1446 ................................................................................. 2, 11

28 U.S.C. § 1446 (b) .................................................................................. 2

28 U.S.C. § 1453(a) .................................................................................. 3

- iii -

## OTHER STATUTES

Cal. Business and Professions Code § 17200 ........................................... 6

Cal. Business and Professions Code § 17208 ........................................ 6, 7

Cal. Code Civ. Proc. § 338 ...................................................................... 9

California Business and Professions Code § 17200 *et seq.* ...................... 1

California Code of Civil Procedure § 382 ................................................ 3

California Labor Code § 203 ........................................................ 2, 8, 9, 11

California Labor Code § 226 ..................................................... 2, 9, 10, 11

California Labor Code §§ 1194 and 1194.2 .............................................. 2

California Labor Code § 2698 *et seq.* ..................................................... 2

Class Action Fairness Act of 2005 ("CAFA") ......................................... 2

Cal. Labor Code §§ 1198 ................................................................. 10, 11

Cal. Labor Code § 2699(f)(2) .......................................................... 10, 11

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
2  DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF
3  RECORD:
4    PLEASE TAKE NOTICE that Defendant Sur La Table, Inc., ("Defendant"
5  or "Sur La Table") removes the above-captioned action from the Superior Court of
6  the State of California in and for the County of Los Angeles to this Court pursuant
7  to 28 U.S.C. Sections 1332 (d), 1441, 1446 and 1453 based on the following
8  grounds.

9  <div align="center">**BACKGROUND**</div>

10    1.  On May 9, 2011, Plaintiff Ralf Singh-Bischofberger ("Plaintiff"), on
11  behalf of himself and others similarly situated, filed a Complaint against Defendant
12  in the Superior Court of the State of California, County of Los Angeles, entitled
13  *Ralf Singh-Bischofberger, on behalf of himself, and all others similarly situated,*
14  *and as an "aggrieved employee" on behalf of other "aggrieved employees" under*
15  *the Labor Code Private Attorneys General Act of 2004, Plaintiff, v. Sur La Table,*
16  *Inc., a Washington corporation; and Does 1-50, inclusive, Defendants*, Case No.
17  BC461167 (the "Complaint"). The Complaint served on Defendant on June 1,
18  2011. A true copy of the Complaint is attached to this notice as Exhibit A. The
19  First Amended Complaint ("FAC") was filed on June 22, 2011, and served on
20  Defendant on June 21, 2011. A true copy of the FAC is attached to this notice as
21  Exhibit B. The allegations of the FAC in the Action are incorporated by reference
22  in this Notice of Removal without necessarily admitting any of them.

23    2.  The FAC purports to assert five class-wide causes of action for relief
24  against Defendant stemming from Plaintiff's and putative class members'
25  employment with Defendant. Specifically, the FAC alleges causes of action for:
26  (1) unfair competition in violation of California Business and Professions Code
27  section 17200 *et seq.*; (2) unpaid minimum and overtime wages in violation of
28  

<div align="center">- 1 -</div>

California Labor Code sections 1194 and 1194.2; (3) wage statement penalties in violation of California Labor Code section 226; (4) waiting time penalties in violation of California Labor Code section 203; and (5) civil penalties in violation of California Labor Code section 2698 *et seq.*

3.      Defendant is informed and believes and on that basis alleges that there have been no other named defendants in this case and that no other defendant, whether named or not, has been served with or otherwise received the Complaint or FAC in the Action.

4.      Attached hereto as Exhibit C are all other documents on file in this Action with the Superior Court of the State of California, County of Los Angeles.

## TIMELINESS OF REMOVAL

5.      The Complaint was filed on May 9, 2011, and served on Defendant on June 1, 2011. (*See* Proof of Service of Summons attached as Exhibit D.) Therefore, this Notice of Removal is timely as it is filed within 30 days of the first receipt by Defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446 (b).

## DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6.      Removal jurisdiction is based on 28 U.S.C. section 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth herein, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice.

- 2 -

7. This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendants are not states, state officials or other governmental entities; (3) the total amount in controversy for all class members exceeds $5 million; and (4) there is diversity between at least one class member and at least one Defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), 1453(a); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.").

## DIVERSE CITIZENSHIP OF THE PARTIES

8. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from at least one defendant. 28 U.S.C. §§ 1332(d)(2).

9. This action was initially brought pursuant to California Code of Civil Procedure section 382 on behalf of a class. California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

11. Named Plaintiff Ralf Singh-Bischofberger worked for Defendant in

1   Los Angeles County, California. (Exhibit B, FAC, ¶ 5). Defendant is informed and

2   believes that Plaintiff was and is a resident of California and, therefore, a California

3   citizen. In addition, based upon the employment allegations in the FAC, most, if

4   not all, of the class members are citizens of California. *See* Exhibit B, FAC, ¶¶ 1,

5   11.

6        12.   For diversity purposes, a corporation "shall be deemed a citizen of any

7   State by which it has been incorporated and of the State where it has its principal

8   place of business." 28 U.S.C. § 1332(c)(1). Where a corporation does business in a

9   number of states and does not conduct the substantial predominance of its business

10   in any single one, the state where corporate headquarters is located is the

11   corporation's principal place of business. *See The Hertz Corp v. Friend*, 559 U.S.

12   __, 130 S. Ct. 1181, 1192 (2010) (adopting "nerve center" approach to determine

13   corporation's principal place of business); *see also Industrial Tectonics, Inc. v. Aero*

14   *Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990).

15        13.   At all relevant times for this removal, Defendant was not a citizen of

16   California.

17        a.   Sur La Table is a Washington corporation with its principal

18   place of business in Seattle, Washington. *See* Declaration of Mary Jensen In

19   Support of Notice of Removal ("Jensen Decl.") ¶ 3.

20        b.   Sur La Table's corporate headquarters is in Seattle, Washington.

21   *Id.*

22        c.   Sur La Table's corporate decisions are made in Seattle,

23   Washington, including its operational, executive, administrative and policymaking

24   decisions. *Id.* at ¶ 4.

25        d.   The majority of Sur La Table's executive officers principally

26   conduct their business in Washington. *Id.*

27        e.   The administrative functions crucial to Sur La Table's day-to-

28

- 4 -

1    day operations are conducted in Seattle, Washington.  The respective officers for

2    these departments work in Seattle, Washington, and are responsible for developing

3    policies and protocols for Sur La Table's nationwide operations.  *Id.*

4           f.      A substantial predominance of Sur La Table's employees are

5    employed outside of California.  *Id.* at ¶ 5.

6           g.      By virtue of the foregoing facts, Washington qualifies as Sur La

7    Table's principal place of business.  As a Washington Corporation with its principal

8    place of business in Washington, Defendant is deemed a citizen of Washington.

9           14.     Does 1 through 50, inclusive, are wholly fictitious.  The FAC does not

10   set forth the identity or status of any said fictitious defendants, nor does it set forth

11   any charging allegation against any fictitious defendants.  The citizenship of these

12   doe defendants is to be disregarded for the purposes of determining diversity

13   jurisdiction, and therefore cannot destroy the diversity of citizenship between the

14   parties in this action.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d

15   686, 690-91 (9th Cir. 1998).

16                                **CLASS SIZE**

17          15.     Plaintiff did not specifically allege the number of employees in the

18   putative class.  However, at a minimum, Plaintiff seeks to represent the following

19   classes:  (1) all persons who, during the period beginning four years before the

20   filing of this action and ending when final judgment is entered, clocked out for a

21   recorded meal period of less than 30 minutes on one or more workdays without

22   being paid an additional hour of premium wages on one or more of those workdays

23   (the "Shortened Meal Period Class"); (2) all persons who, during the period

24   beginning four years before the filing of this action and ending when final judgment

25   is entered, were paid overtime wages and also received commissions and/or

26   bonuses (the "Overtime Wage Rate Class"); (3) all persons who, during the period

27   beginning four years before the filing of this action and ending when final judgment

28

                                      - 5 -

1   is entered, were paid meal and/or rest period premium wages and also received

2   commissions and/or bonuses (the "Premium Wage Rage Class");  (4) all Shortened

3   Meal Period Class, Overtime Wage Rate Class, and/or Premium Wage Rate Class

4   members who voluntarily or involuntarily separated from their employment with

5   Defendant during the period beginning three years before the filing of this action

6   and ending hen final judgment is entered; and (5)  all Shortened Meal Period Class,

7   Overtime Wage Rate Class, and/or Premium Wage Rate Class members employed

8   by Defendant in California during the period beginning one year before the filing of

9   this action and ending when final judgment is entered. *See* Exhibit B, FAC, ¶ 11.

10       16.    These alleged classes potentially contain all employees in Defendant's

11   California retail stores from May 9, 2007 to the present.  Defendant employed in

12   excess of 2,940 employees in Defendant's California retail stores during the alleged

13   class period of May 9, 2007, to the present. *See* Declaration of Jeff Hadley In

14   Support of Notice of Removal ("Hadley Decl."), ¶ 3.  Accordingly, the putative

15   class exceeds the minimum size of at least 100 proposed plaintiffs in the aggregate.

16                          **AMOUNT IN CONTROVERSY**

17       17.    Pursuant to CAFA, the alleged amount in controversy in this class

18   action exceeds, in the aggregate, five million dollars ($5,000,000).  28 U.S.C.

19   § 1332 (d) (6) (under CAFA, claims of individual class members aggregated to

20   determine if amount in controversy exceeds $5,000,000).  The FAC seeks to

21   recover all shortened meal period wages, overtime wages calculated with bonuses

22   and/or commissions, meal and/or rest period premium wages calculated with

23   bonuses and/or commissions, waiting time penalties, wage statement penalties, and

24   penalties for failure to provide suitable seats.  (Exhibit B, FAC, ¶¶ 38, 44-46, 53,

25   63-64, Prayer for Relief).  In addition to alleging Labor Code violations, Plaintiff

26   also seeks to recover under Business and Professions Code section 17200, which

27   has a four-year statute of limitations pursuant to Section 17208. (*Id.*, ¶¶ 11, 35-36,

28       .

- 6 -

Prayer for Relief.)  Plaintiff also seeks to recover attorneys' fees.  (*Id.*, ¶¶ 36, 38, 53, 64, Prayer for Relief.)  As set forth below, the amount in controversy implicated by these class-wide allegations exceeds five million dollars.

18.    "[W]here it is unclear or ambiguous from the face of a complaint whether the requisite amount in controversy is pled," the defendant only needs to establish by a "preponderance of the evidence" that the alleged claims exceed the jurisdictional minimum. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Here, Plaintiff conclusively alleges in his complaint, without support, "based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $ 5 million in controversy." Exhibit B, FAC, ¶ 3.  However, Plaintiff does not allege a total dollar amount in controversy in the remainder of the FAC, including not in the FAC's Prayer for Relief. *See* Exhibit B, FAC, Prayer for Relief.   The amount in controversy is therefore unclear from the face of the complaint. *See Guglielmino*, 506 F.3d at 700-701 ("because the allegation in the Jurisdiction and Venue section is not repeated in the Prayer for Relief and does not take account of attorneys' fees, accounting of moneys, or payment of back taxes and benefits, the complaint fails to allege a sufficiently specific total amount in controversy ... and we therefore apply the preponderance of the evidence burden of proof to the removing defendant.").

19.    Therefore, Defendant only needs to establish by a preponderance of the evidence that the alleged claims exceed the jurisdictional minimum. *See Guglielmino*, 506 F.3d at 700-701; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).   However, even if the amount in controversy is considered "clear" from the face of the complaint, Defendant can meet the higher burden placed on defendants, and prove with "legal certainty" that the jurisdictional

- 7 -

amount is met. *See Guglielmino*, 506 F.3d at 699-700. In particular, Plaintiff's allegation that the amount in controversy is not met was not made in "good faith" and state law does not limit recovery to the amount prayed for in the complaint. Plaintiff's monetary claim is false or incompetent, and based on speculation. *See id.*; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Meanwhile, Defendant estimates that the amount in controversy has been met based on competent data outlined below.

20. While Defendant denies the validity of Plaintiff's claims and requests for relief thereon, the claimed damages and relief sought in Plaintiff's FAC are in excess of the jurisdictional minimum. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiff's claim exceeded the jurisdictional threshold).

21. The requisite amount in controversy is established through an examination of the claims asserted by Plaintiff. Among other relief, Plaintiff seeks to recover on behalf of all non-exempt employees employed in California for waiting time penalties under Labor Code section 203 for alleged failure to pay all wages due at the end of employment. *See, e.g.,* Exhibit B, FAC ¶¶ 44-46, 63.

22. Labor Code section 203 provides for the imposition of waiting time penalties where an employer fails to pay, on the date an employee is discharged or quits, all wages then due. The maximum penalty for each former employee who

was not paid all wages due upon departure is 30 days of wages. The statute of limitations for claims under Labor Code section 203 is three years. Cal. Lab. Code §203; Cal. Code Civ. Proc. § 338. During the relevant time frame, May 9, 2008 (three years prior to the date the Complaint was filed) to the present, in excess of 1,851 California non-exempt employees left Sur La Table's employ. Hadley Decl. ¶ 4. The average hourly rate of pay for the California non-exempt employees who left Sur La Table's employ during the relevant time frame is approximately $9.92. *Id.* at ¶ 5. Assuming an eight-hour workday, multiplied by an average hourly rate of $9.92, multiplied by 1,851 (employees who left Sur La Table's employ), multiplied by 30 days (the maximum number of days for which waiting time penalties can be imposed per former employee), the sum of Labor Code Section 203 penalties is $4,406,860 [8*$9.92*30*1,851].[1] Thus on the alleged claims for waiting time penalties alone, the $5,000,000 amount in controversy requirement is nearly met.

23. The FAC also alleges class claims to recover penalties for failure to provide accurate itemized wage statements. *See,* Exhibit B, FAC ¶¶ 53, 63, Prayer for Relief. For failure to provide accurate itemized wage statements, Labor Code section 226 provides for the imposition of penalties for each employee in the amount of $50 for the first pay period and $100 for each subsequent pay period, not to exceed $4000 per employee, from May 9, 2010 to the present. During the relevant time frame, May 9, 2010 to the present, in excess of 1,409 California non-exempt employees were employed by Sur La Table. Hadley Decl. ¶ 6. During that same period, on average there were approximately 13.94 pay periods per class member for the putative class. *Id.* at ¶ 8. Multiplying 1,409 (the number of employees) by 1 pay period, multiplied by $50, the first set of penalties are

---

[1] This and all calculations herein regarding damages are based on the Complaint, are made only to demonstrate that the amount in controversy in this case meets or exceeds the amount in controversy requirement of CAFA, and should not be construed as an admission with respect to any liability or damages aspect of this Action. Defendant denies that it can or should be liable for any of these sums.

NOTICE OF REMOVAL BY
DEFENDANT SUR LA TABLE, INC.

$70,450.  Multiplying 1,409 (the number of employees) by 12.94 pay periods, multiplied by $100, the second set of penalties are $1,823,246. Therefore, the sum of Labor Code Section 226 penalties is approximately $ 1,893,696.

24.    The FAC also alleges class claims to recover penalties for failure to provide suitable seats. *See,* Exhibit B, FAC ¶ 63, Prayer for Relief.   For failure to provide suitable seats, Labor Code sections 1198 and 2699(f)(2) provides for the imposition of penalties for each employee in the amount of $100 for the first pay period and $200 for each subsequent pay period, from May 9, 2010 to the present.

25.    During the relevant time frame, May 9, 2010 to the present, in excess of 1,443 California exempt and non-exempt employees were employed by Sur La Table. Hadley Decl. ¶ 7. During that same period, on average there were approximately 14.33 pay periods per class member for the putative class. *Id.* at ¶ 8. Assuming Plaintiff prevails in this case, and the Court refuses all of Defendant's defenses, and even utilizing the smaller of the two penalties--$100 for each aggrieved employee per pay period for a violation—the sum of penalties under Labor Code section 2699(f)(2) theoretically would be approximately $2,067,819 ($100 multiplied by 14.33 pay periods multiplied by 1,443 employees).

26.    The FAC also alleges class claims to recover unpaid overtime wages and wages for missed meal and rest periods. *See,* Exhibit B, FAC ¶¶ 35-36, 63, Prayer for Relief.

27.    Plaintiff also seeks reasonable attorneys' fees, which this Court may consider in determining whether the amount in controversy has been satisfied. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); *Goldberg v. C.PC. Int'l., Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdictional amounts);

1  *Gibson v. Chrysler*, 261 F.3d 927 (9th Cir. 2001).

2      28.    By adding up the potential amount of penalties claimed by Plaintiff

3  through the FAC under Labor Code sections 203, 226, 1198 and 2699(f)(2),

4  Plaintiff is seeking approximately $8,368,375 in monetary relief.  Plaintiff's claims

5  clearly exceed $5,000,000, without even taking into account Plaintiff's other claims

6  and requests for relief, such as attorney's fees.  Again, CAFA, 28 U.S.C. section

7  1332(d) authorizes the removal of class action cases in which, among other factors

8  mentioned above, the amount in controversy for all class members exceeds

9  $5,000,000.  Defendant denies the validity and merit of all of Plaintiff's claims, the

10  legal theories upon which they are purportedly based, and the claims for monetary

11  and other relief that flow from them.  However, assuming them to be accurate for

12  purposes of this removal only, it is readily apparent, when considered in the context

13  of the causes of action in the FAC, that the monetary relief sought in this action

14  exceeds the jurisdictional minimum.

15      29.    Removal of this action is therefore proper as the aggregate value of

16  Plaintiff's claims for statutory penalties, compensatory damages, and attorneys'

17  fees is in excess of the $5,000,000 jurisdictional requirement.

18  <u>**NO BASIS FOR DECLINING JURISDICTION EXISTS**</u>

19      30.    There is no basis for this Court to decline jurisdiction.  The CAFA

20  permits a district court to decline to exercise its jurisdiction only in specified

21  instances where a primary defendant is a citizen of the forum state.  28 U.S.C.

22  § 1332 (d) (3) and (4).  Here, none of the Defendants are citizens of California.

23  <p align="center"><u>**VENUE**</u></p>

24      31.    Because Plaintiff's FAC was filed in the Superior Court for the State

25  of California, County of Los Angeles, venue is proper in this Court pursuant to 28

26  U.S.C. sections 84(a), 1391 and 1446.

27

28

<div align="center">- 11 -</div>

1

**<u>NOTICE TO PLAINTIFF</u>**

2      32.    Contemporaneously with the filing of this Notice of Removal in the

3   United States District Court for the Central District of California, written notice of

4   such filing will be given by the undersigned to Plaintiff's counsel of record, LAW

5   OFFICES OF SHAUN SETAREH, 9454 Wilshire Boulevard, Penthouse Floor

6   Beverly Hills, California 90212, and a copy of the Notice of Removal will be filed

7   with the Clerk of the Court for the Superior Court of the County of Los Angeles,

8   California.

9

10

11

12   Dated:      July 1, 2011                  PATRICIA K. GILLETTE
                                              ANDREW R. LIVINGSTON
13                                            BROOKE D. ARENA
                                              AUBRY R. HOLLAND
14                                            Orrick, Herrington & Sutcliffe LLP

15

16                                     By: _____

17                                            AUBRY R. HOLLAND
                                              Attorneys for Defendant
18                                            Sur La Table, Inc.

19

20

21

22

23

24

25

26

27

28

- 12 -

# EXHIBIT A

1  Shaun Setareh (SBN 204514)
        setarehlaw@sbcglobal.net
2  Hayley Schwartzkopf (SBN 265131)
3       hayley.setarehlaw@sbcglobal.net
   LAW OFFICES OF SHAUN SETAREH
4  9454 Wilshire Boulevard, Penthouse Floor
   Beverly Hills, California 90212
5  Telephone:     (310) 888-7771
6  Facsimile:     (310) 888-0109
   (Additional Counsel on Following Page)
7

8  Attorneys for Plaintiff
   RALF SINGH-BISCHOFBERGER
9

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 09 2011

John A. Clarke, Executive Officer/Clerk
BY
       Dina Grider      , Deputy

          324 CCW Emilie H. Elias

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
12                    (*UNLIMITED JURISDICTION*)

13

| | |
|---|---|
| 14  RALF SINGH-BISCHOFBERGER, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, | Case No.  **BC 461167** |

14  RALF SINGH-BISCHOFBERGER, on        )   Case No.   **BC 461167**
15  behalf of himself and all others similarly )
    situated, and as an "aggrieved employee" on )   **CLASS ACTION**
16  behalf of other "aggrieved employees" under )
    the Labor Code Private Attorneys General )   **COMPLAINT FOR:**
17  Act of 2004,                               )   1.  Unfair Competition (Bus. & Prof. Code
                                               )       §§ 17200, *et seq.*);
18          Plaintiff,                         )   2.  Unpaid Minimum and Overtime Wages
                                               )       (Lab. Code §§ 1194 and 1194.2);
19          vs.                                )   3.  Wage Statement Penalties (Lab. Code §
                                               )       226);
20  SUR LA TABLE, INC., a Washington           )   4.  Waiting Time Penalties (Lab. Code
21  corporation; and DOES 1-50, inclusive,     )       § 203); and,
                                               )   5.  Civil Penalties (Lab. Code §§ 2698, *et
22          Defendants.                        )       seq.*).
                                               )
23                                             )   **JURY TRIAL DEMANDED**

24

25

26

27

28

Singh-Bischofberger v. Sur La Table, Inc., et al.                    Complaint

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
        david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:      (310) 499-4730
Facsimile:      (310) 499-4739

Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:      (310) 888-7771
Facsimile:      (310) 888-0109

2

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                    *Complaint*

Plaintiff Ralf Singh-Bischofberger ("Plaintiff"), on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, complains and alleges as follows:

## INTRODUCTION

1.       Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants Sur La Table, Inc. and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to him and similarly situated current and former hourly employees in California for unpaid wages and other related relief based on their alleged failures to pay them minimum, overtime, and meal period premium wages. Plaintiff also alleges that Defendants are liable to him and other "aggrieved employees" based on alleged failures to furnish them with suitable seating accommodations. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class and representative private attorney general action.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction to hear this case based on Plaintiff's information and belief that relief sought herein for Defendants' alleged violations of the Labor Code, Wage Order, and Business and Professions Code exceeds the jurisdictional minimum of this Court as required under California law.

3.       This case falls outside the scope of federal question subject matter jurisdiction in that all of the causes of action set forth herein solely arise under California law and also falls outside the scope of federal diversity subject matter jurisdiction based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $5 million in controversy.

4.       Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

3

## PARTIES

5.     Plaintiff is a former hourly employee of Defendants who worked in Los Angeles County, California during the one-year time period before the filing of this action.

6.     Defendant Sur La Table, Inc. is a corporation organized under Washington law.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

8.     Plaintiff is informed and believes that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

9.     Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     The class and subclass members are defined as follows:

**Shortened Meal Period Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, clocked out for a recorded meal period of less than 30 minutes on one or more workdays without being paid an additional hour of premium wages on one or more of those workdays.

**Overtime Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid overtime wages and also received commissions and/or bonuses.

4

**Premium Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid meal and/or rest period premium wages and also received commissions and/or bonuses.

**Waiting Time Penalties Class:** All **Shortened Meal Period Class Overtime Wage Rate Class,** and/or **Premium Wage Rate Class** members who voluntarily or involuntarily separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Class:** All **Shortened Meal Period Class, Overtime Wage Rate Class,** and/or **Premium Wage Rate Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

12. Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13. The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the minimum number required for numerosity under California law.

14. Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

A. Whether Section 11(A) of the Wage Order requires Defendants to count recorded meal periods that are less than 30 minutes as "time worked" for **Shortened Meal Period Class** members?

B. Whether Labor Code § 226.7(b) requires Defendants to pay premium wages to **Shortened Meal Period Class** members for recorded meal periods of less than 30 minutes?

C. Whether Defendants failed to include commissions and non-discretionary bonuses in calculating regular rates of pay when paying overtime wages to **Overtime Wage Rate Class** members?

5

D.   Whether Defendants are required to include commissions and non-discretionary bonuses in calculating the "regular rate of compensation" under Labor Code § 226.7(b) when paying premium wages to **Premium Wage Rate Class** members?

E.   Whether Defendants may have acquired money or property by means of unfair competition in the forms of earned minimum, overtime, and/or premium wages from **Shortened Meal Period Class** and **Premium Wage Rate Class** members?

F.   Whether Defendants willfully failed to timely pay earned and unpaid wages to **Waiting Time Penalties Class** members?

G.   Whether Defendants knowingly and intentionally failed to provide **Wage Statement Penalties Class** members with accurate wage statements?

15.   Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes that Defendants have policies or practices of failing to comply with the Labor Code, Wage Order, and Business and Professions Code as alleged herein.

16.   Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

17.   A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                                     *Complaint*

## FIRST CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff, the Shortened Meal Period Class, the Overtime Wage Rate Class,**

**and the Premium Wage Rate Class)**

18.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

19.   Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

20.   Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

### *Shortened Meal Period Class*

21.   At all relevant times, Plaintiff and **Shortened Meal Period Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

22.   Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

23.   Labor Code §§ 223, 510, 1194, 1197, and 1198, and Sections 3 and 4 of the Wage Order require an employer to pay a non-exempt employee no less than minimum wage for all hours worked, no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

///

24.     Labor Code § 512 and Section 11 of the Wage Order both require employers to provide their employees with meal periods of no less than 30 minutes for each work period of 5 or more hours, including two meal periods of no less than 30 minutes for each work period of more than 10 hours.

25.     In relevant part, Section 11(C) of the Wage Order states, "Unless [an] employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

26.     Both Labor Code § 226.7 and Section 11 of the Wage Order require an employer to pay a non-exempt employee an additional hour of wages at the employee's regular rate of compensation on each workday that the employee is not provided with a required meal period in violation of the Wage Order.

27.     At all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Plaintiff recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

28.     Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, **Shortened Meal Period Class** members recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

*Overtime Wage Rate Class & Premium Wage Rate Class*

29.     California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, non-discretionary bonuses, be included when calculating a non-exempt employee's regular rate of pay.

30.     At all relevant times, Defendants paid Plaintiff overtime wages based on a rate of pay that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of pay that was correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

8

31.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Overtime Wage Rate Class** members overtime wages based on rates of pay that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of pay that were correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

32.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of compensation that was correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

33.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Premium Wage Rate Class** members premium wages based on rates of compensation that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of compensation that were correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

*Relief Sought*

34.     Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of himself, the **Shortened Meal Period Class, Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks an order awarding restitution of unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

35.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Shortened Meal Period Class, Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks awards of reasonable costs and attorneys' fees in amounts subject to proof.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

**(Lab. Code §§ 1194 and 1194.2)**

**(By Plaintiff. the Shortened Meal Period Class, and the Overtime Wage Rate Class)**

36.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

9

37.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff, on behalf of himself, the **Shortened Meal Period Class**, and the **Overtime Wage Rate Class**, seeks to recover earned and unpaid minimum and overtime wages, interest thereon, liquidated damages, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

## THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code § 203)

### (By Plaintiff and the Waiting Time Penalties Class)

38.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

39.    Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

40.    Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

41.    Defendants failed to timely pay Plaintiff earned and unpaid minimum, overtime, and premium wages after he was discharged in violation of Labor Code § 201.

42.    Plaintiff is informed and believes that Defendants have failed to timely pay **Waiting Time Penalties Class** members earned and unpaid minimum, overtime, and/or premium wages after quitting or discharge in violation of Labor Code § 201 or § 202.

43.    Labor Code § 203 provides that the wages of an employee shall continue as a penalty from the due date until the wages are paid for up to 30 days where an employer willfully fails to timely pay any amount of earned and unpaid wages in violation of California Labor Code § 201 or § 202.

44.    Plaintiff is informed and believes that Defendants' failures to pay minimum, overtime, and/or premium wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay said wages in conformity with the Labor Code and the Wage Order but have deliberately adopted payroll policies and practices that are

10

1   inconsistent with those requirements.

2        45.    Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Waiting**

3   **Time Penalties Class**, seeks to recover up to 30 days of waiting time penalties per employee in

4   amounts subject to proof.

5                              **FOURTH CAUSE OF ACTION**

6                            **WAGE STATEMENT PENALTIES**

7                                  **(Lab. Code § 226)**

8                 **(By Plaintiff and the Wage Statement Penalties Class)**

9        46.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

10       47.    Pursuant to Labor Code § 226(a), Defendants have been obliged to provide

11  Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of

12  each payment of wages, accurate itemized statement showing, among other things, all

13  applicable hourly rates of pay in effect during the pay period, their corresponding number of

14  hours worked at each applicable rate, and gross and net wages earned.

15       48.    By failing to pay minimum, overtime, and premium wages to Plaintiff as set

16  forth above, Defendants have furnished him with written wage statements that do not accurately

17  reflect all of his applicable rates of pay, hours worked, corresponding wages earned at each

18  applicable rate, and amounts of gross and net wages.

19       49.    Plaintiff is informed and believes that by failing to pay minimum, overtime,

20  and/or premium wages to **Wage Statement Penalties Class** members as set forth above,

21  Defendants have furnished them with written wage statements that do not accurately reflect all

22  of their applicable rates of pay, hours worked, corresponding wages earned at each applicable

23  rate, and amounts of gross and net wages.

24       50.    Plaintiff is informed and believes that Defendants' failures to provide him and

25  **Wage Statement Penalties Class** members with accurate wage statements have been

26  intentional, in that Defendants have, at all relevant times, had the ability to provide them with

27  accurate wage statements but, instead, have intentionally provided them with inaccurate wage

28  statements as a result of not correctly calculating their applicable rates of pay, hours worked,

1  corresponding wages earned at each applicable rate, and amounts of gross and net wages.

2  51.  Plaintiff and **Wage Statement Penalties Class** members have suffered injuries

3  due to Defendants' failures to provide them with accurate written wage statements. Their legal

4  rights to receive accurate wage statements have been violated and they have been misled about

5  the rates at which their wages are to be paid and the amounts of wages they have been paid. In

6  addition, the absence of accurate information has prevented immediate challenges to allegedly

7  unlawful pay practices, has required discovery and mathematical computations to determine the

8  amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and

9  pay records, and/or has caused inaccurate information about wages and wage deductions to be

10  submitted to government agencies.

11  52.  Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the **Wage**

12  **Statement Penalties Class**, seeks to recover the greater of actual damages or $50 for the initial

13  pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for

14  each violation of Labor Code Section 226(a) in a subsequent pay period, up to the greater of

15  actual damages or a aggregate $4,000 penalty per class member, as well as awards of reasonable

16  attorneys' fees and costs, all in amounts subject to proof.

17  <center>**SIXTH CAUSE OF ACTION**</center>

18  <center>**CIVIL PENALTIES**</center>

19  <center>**(Lab. Code §§ 2698, *et seq.*)**</center>

20  53.  Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

21  54.  During the applicable limitations period, Defendants have violated Labor Code

22  §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

23  55.  Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of

24  herself and other current and former employees, to bring a representative civil action to recover

25  civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need

26  not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

27  56.  Plaintiff, as a former employee against whom Defendants committed one or

28  more of the alleged Labor Code violations during the applicable limitations period, is an

<center>12</center>

aggrieved employee within the meaning of Labor Code § 2699(c).

57.     Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.  By letter dated March 28, 2011, Plaintiff gave written notice via certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. More than 33 days have passed since the date of Plaintiff's letter and the LWDA has not informed Plaintiff that it intends to investigate the alleged violations.

### *Failures to Provide Suitable Seats*

58.     In addition to the violations of the Labor Code set forth above, Defendants have also violated Labor Code § 1198, which prohibits the employment of persons under conditions that violate the Wage Order.

59.     Specifically, Section 14 of the Wage Order provides,

> (A)  All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

> (B)   When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

60.     At all relevant times during his employment, Defendants did not provide Plaintiff with suitable seats when he performed job duties that allowed for the use of such seats, such as operating a cash register, did not place an adequate number of suitable seats within a reasonable proximity to his work area when he performed job duties that required him to stand, such as cooking, and, in fact, did not permit him to use a seat except during breaks.

61.     Plaintiff is informed and believes that, at all relevant times, Defendants have not provide other aggrieved employees with suitable seats when they have performed job duties that allow for the use of such seats, such as operating cash registers, have not placed an adequate number of suitable seats within a reasonable proximity to their work areas when they have performed job duties that have required them to stand, such as cooking, and, in fact, have not

13

1  permitted them to use seats except during breaks.

2         *Civil Penalties Sought Based on All Alleged Labor Code Violations*

3      62.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil

4  penalties for Defendants' violations of Labor Code §§, 201, 202, 203, 204, 223, 226(a), 226.7,

5  510, 512, 1194, 1197, and 1198:

6          A.    For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198,

7              $100 for each employee per pay period for each initial violation and $200

8              for each employee per pay period for each subsequent violation (penalties

9              set by Labor Code § 2699(f)(2));

10          B.    For violations of Labor Code § 204, $100 for each employee for each

11              initial violation that was neither willful nor intentional, $200 for each

12              employee, plus 25% of the amount unlawfully withheld from each

13              employee, for each initial violation that was either willful or intentional,

14              and $200 for each employee, plus 25% of the amount unlawfully

15              withheld from each employee, for each subsequent violation, regardless

16              of whether the subsequent violation was either willful or intentional

17              (penalties set by Labor Code § 210);

18          C.    For violations of Labor Code § 223, $100 for each employee for each

19              initial violation that was neither willful nor intentional, $200 for each

20              employee, plus 25% of the amount unlawfully withheld from each

21              employee, for each initial violation that was either willful or intentional,

22              and $200 for each employee, plus 25% of the amount unlawfully

23              withheld from each employee, for each subsequent violation, regardless

24              of whether the subsequent violation was either willful or intentional

25              (penalties set by Labor Code § 225.5);

26          D.    For violations of Labor Code § 226(a), if this action is deemed to be an

27              initial citation, $250 for each employee for each violation. Alternatively,

28              if an initial citation or its equivalent occurred before the filing of this

1               action, $1,000 for each employee for each violation (penalties set by

2               Labor Code § 226.3);

3     E.     For violations of Labor Code §§ 510 and 512, $50 for each employee for

4               each initial pay period for which the employee was underpaid, and $100

5               for each employee for each subsequent pay period for which the

6               employee was underpaid (penalties set by Labor Code § 558); and

7     F.     For violations of Labor Code § 1197, $100 for each aggrieved employee

8               for each initial violation of Labor Code § 1197 that was intentional, and

9               $250 for each aggrieved employee per pay period for each subsequent

10             violation of § 1197, regardless of whether the initial violation was

11             intentional (penalties set by Labor Code § 1197.1).

12     63.     Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and

13 attorneys' fees in connection with his claims for civil penalties.

14               **<u>PRAYER FOR RELIEF</u>**

15     WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and as an

16 "aggrieved employee" on behalf of other "aggrieved employees," prays for relief and judgment

17 against Defendants as follows:

18     A.     An order that the action be certified as a class action;

19     B.     An order that Plaintiff be appointed class representative;

20     C.     An order that counsel for Plaintiff be appointed class counsel;

21     D.     Damages;

22     E.     Restitution;

23     F.     Declaratory relief;

24     G.     Injunctive relief;

25     H.     Civil penalties;

26     I.     Statutory penalties;

27     J.     Pre-judgment interest;

28     K.     Costs of suit;

L.    Reasonable attorney's fees; and

M.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees," hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

Dated: May 5, 2011        BY

SHAUN SETAREH
Attorneys for Plaintiff
RALF SINGH-BISCHOFBERGER

16

*Singh-Biscofberger v. Sur La Table, Inc., et al.*        *Complaint*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Shaun Setareh (SBN 204514)
Law Office of Shaun Setareh
9454 Wilshire Blvd., Penthouse Suite
Beverly Hills, California 90212
　TELEPHONE NO: 310-888-7771　　　FAX NO: 310-888-0109
ATTORNEY FOR *(Name):* Ralf Singh-Bischofberger

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**MAY 09 2011**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
　　　Diane Grider

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
　STREET ADDRESS: 111 North Hill Street
　MAILING ADDRESS:
　CITY AND ZIP CODE: Los Angeles, CA 90012
　BRANCH NAME: Stanley Mosk

CASE NAME:
Singh-Bischofberger v. Sur La Table, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: | BC 461167 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties
　b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
　c. [ ] Substantial amount of documentary evidence
　d. [ ] Large number of witnesses
　e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
　f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary　b.[✓] nonmonetary; declaratory or injunctive relief　c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 6, 2011

Shaun Setareh, Esq.
_____ ▶ _____
　(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh-Bischofberger v. Sur La Table | BC 461167 |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 21    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1. Class Actions must be filed in the County Courthouse, Central District.    6. Location of property or permanently garaged vehicle.<br>2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).    7. Location where petitioner resides.<br>3. Location where cause of action arose.    8. Location wherein defendant/respondent functions wholly.<br>4. Location where bodily injury, death or damage occurred.    9. Location where one or more of the parties reside.<br>5. Location where performance required or defendant resides.    10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☑ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>           assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE:                                   | CASE NUMBER |
|------------------------------------------------|-------------|
| Singh-Bischofberger v. Sur La Table            |             |

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh-Bischofberger v. Sur La Table | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>Singh-Bischofberger v. Sur La Table | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>□1. □2. □3. ☑4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>111 North Hill Stree |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>March 3, 2011</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUR LA TABLE, INC., a Washington corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** RALF SINGH-BISCHOFBERGER, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and all others
similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved
employees" under the Labor Code Private Attorneys General Act of 2004

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 2 0 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
BC 461167

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Floor, Beverly Hills, CA 90212          3108887771

DATE:                    MAY 2 0 2011          Clerk, by _____, Deputy
*(Fecha)*                                       *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

Shaunya Wesley

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
pcDOC*

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Shaun Setareh, SBN 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., PH 1<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUN 09 2011<br><br>JOHN A. CLARKE, CLERK<br>BY RAUL SANCHEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF/PETITIONER: Ralf Singh-Bischofberger, et al.

DEFENDANT/RESPONDENT: Sur La Table, Inc., et al.

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>BC461167 |
| | Ref. No. or File No.:<br>Sur La Table |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Voluntary Efficient Litigation Stipulations

3. a. Party served: Sur La Table, Inc., a Washington corporation

   b. Person Served: Business Filings Incorporated, Leslie Fuller – Person authorized to accept service of process

4. Address where the party was served:   1232 Q St., 1st Floor
   Sacramento, CA 95811

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 6/1/2011   (2) at (time): 12:51 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Sur La Table, Inc., a Washington corporation

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:   Jermaine deJose
   b. Address:   One Legal – 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number:   415-491-0606
   d. The fee for service was:   $ 62.00
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2008-47
         (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/1/2011

Jermaine deJose
(NAME OF PERSON WHO SERVED PAPERS)                              (SIGNATURE)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 6748692 |

# EXHIBIT B

Shaun Setareh (SBN 204514)
setarehlaw@sbcglobal.net
Hayley Schwartzkopf (SBN 265131)
hayley.setarehlaw@sbcglobal.net
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:     (310) 888-0109
(Additional Counsel on Following Page)

Attorneys for Plaintiff
RALF SINGH-BISCHOFBERGER

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 22 2011

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
AMBER LAFLEUR-CLAYTON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES -- CENTRAL DISTRICT
### (*UNLIMITED JURISDICTION*)

| | |
|---|---|
| RALF SINGH-BISCHOFBERGER, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. BC 461167<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br>1.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>2.  Unpaid Minimum and Overtime Wages (Lab. Code §§ 1194 and 1194.2);<br>3.  Wage Statement Penalties (Lab. Code § 226);<br>4.  Waiting Time Penalties (Lab. Code § 203); and,<br>5.  Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
     david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:    (310) 499-4730
Facsimile:    (310) 499-4739

Louis Benowitz (SBN 262300)
     louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

*Singh-Biscofberger v. Sur La Table, Inc., et al.*        *First Amended Complaint*

Plaintiff Ralf Singh-Bischofberger ("Plaintiff"), on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants Sur La Table, Inc. and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to him and similarly situated current and former hourly employees in California for unpaid wages and other related relief based on their alleged failures to pay them minimum, overtime, and meal period premium wages. Plaintiff also alleges that Defendants are liable to him and other "aggrieved employees" based on alleged failures to furnish them with suitable seating accommodations. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class and representative private attorney general action.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case based on Plaintiff's information and belief that relief sought herein for Defendants' alleged violations of the Labor Code, Wage Order, and Business and Professions Code exceeds the jurisdictional minimum of this Court as required under California law.

3.     This case falls outside the scope of federal question subject matter jurisdiction in that all of the causes of action set forth herein solely arise under California law and also falls outside the scope of federal diversity subject matter jurisdiction based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $5 million in controversy.

4.     Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

5.    Plaintiff is a former hourly employee of Defendants who worked in Los Angeles County, California during the one-year time period before the filing of this action.

6.    Defendant Sur La Table, Inc. is a corporation organized under Washington law.

7.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

8.    Plaintiff is informed and believes that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

9.    Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

10.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.    The class and subclass members are defined as follows:

**Shortened Meal Period Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, clocked out for a recorded meal period of less than 30 minutes on one or more workdays without being paid an additional hour of premium wages on one or more of those workdays.

**Overtime Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid overtime wages and also received commissions and/or bonuses.

4

**Premium Wage Rate Class**: All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid meal and/or rest period premium wages and also received commissions and/or bonuses.

**Waiting Time Penalties Class**: All **Shortened Meal Period Class Overtime Wage Rate Class**, and/or **Premium Wage Rate Class** members who voluntarily or involuntarily separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Class**: All **Shortened Meal Period Class, Overtime Wage Rate Class**, and/or **Premium Wage Rate Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

12.     The membership of the above-defined classes and subclasses shall not include any persons whose relevant claims have completely been extinguished through any previous settlement or adjudication. In addition, and subject to the aforementioned limitation, the claims asserted on behalf of persons who are members of the above-defined classes and subclasses shall not include any claims asserted on their behalf in this action to the extent that they have been extinguished through any previous settlement or adjudication, but shall include any and all claims asserted on their behalf in this action to the extent they have not been extinguished.

13.     Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

14.     The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the minimum number required for numerosity under California law.

15.     Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

A.     Whether Section 11(A) of the Wage Order requires Defendants to count recorded meal periods that are less than 30 minutes as "time worked" for

5

Shortened Meal Period Class members?

B.   Whether Labor Code § 226.7(b) requires Defendants to pay premium wages to **Shortened Meal Period Class** members for recorded meal periods of less than 30 minutes?

C.   Whether Defendants failed to include commissions and non-discretionary bonuses in calculating regular rates of pay when paying overtime wages to **Overtime Wage Rate Class** members?

D.   Whether Defendants are required to include commissions and non-discretionary bonuses in calculating the "regular rate of compensation" under Labor Code § 226.7(b) when paying premium wages to **Premium Wage Rate Class** members?

E.   Whether Defendants may have acquired money or property by means of unfair competition in the forms of earned minimum, overtime, and/or premium wages from **Shortened Meal Period Class** and **Premium Wage Rate Class** members?

F.   Whether Defendants willfully failed to timely pay earned and unpaid wages to **Waiting Time Penalties Class** members?

G.   Whether Defendants knowingly and intentionally failed to provide **Wage Statement Penalties Class** members with accurate wage statements?

16.   Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes that Defendants have policies or practices of failing to comply with the Labor Code, Wage Order, and Business and Professions Code as alleged herein.

17.   Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

18.   A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and

6

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                    *First Amended Complaint*

1   efficiently prosecute their common claims in a single forum without the unnecessary duplication

2   of effort and expense that numerous individual actions would entail.  In addition, the monetary

3   amounts due to many individual class members are likely to be relatively small and would thus

4   make it difficult, if not impossible, for individual class members to both seek and obtain relief.

5   Moreover, a class action will serve an important public interest by permitting class members to

6   effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the

7   potential for inconsistent or contradictory judgments inherent in individual litigation.

8   <div align="center">**FIRST CAUSE OF ACTION**</div>

9   <div align="center">**UNFAIR COMPETITION**</div>

10   <div align="center">**(Bus. & Prof. Code §§ 17200, *et seq.*)**</div>

11   <div align="center">**(By Plaintiff, the Shortened Meal Period Class, the Overtime Wage Rate Class,**</div>

12   <div align="center">**and the Premium Wage Rate Class)**</div>

13   19.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

14   20.   Business and Professions Code § 17200 defines "unfair competition" to include

15   any unlawful business practice.

16   21.   Business and Professions Code §§ 17203–17204 allow a person who has lost

17   money or property as a result of unfair competition to bring a class action in accordance with

18   Code of Civil Procedure § 382 to recover money or property that may have been acquired from

19   similarly situated persons by means of unfair competition.

20   <div align="center">*Shortened Meal Period Class*</div>

21   22.   At all relevant times, Plaintiff and **Shortened Meal Period Class** members have

22   been non-exempt employees of Defendants and entitled to the full protections of both the Labor

23   Code and the Wage Order.

24   23.   Labor Code § 204 requires employers to timely pay earned wages to their

25   employees for all labor that their employees normally perform by no later than the regularly

26   scheduled payday for that pay period and for all labor in excess of that which their employees

27   normally perform by no later than the regularly scheduled payday for the next pay period.

28   24.   Labor Code §§ 223, 510, 1194, 1197, and 1198, and Sections 3 and 4 of the

<div align="center">7</div>

Wage Order require an employer to pay a non-exempt employee no less than minimum wage for all hours worked, no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

///

25.    Labor Code § 512 and Section 11 of the Wage Order both require employers to provide their employees with meal periods of no less than 30 minutes for each work period of 5 or more hours, including two meal periods of no less than 30 minutes for each work period of more than 10 hours.

26.    In relevant part, Section 11(C) of the Wage Order states, "Unless [an] employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

27.    Both Labor Code § 226.7 and Section 11 of the Wage Order require an employer to pay a non-exempt employee an additional hour of wages at the employee's regular rate of compensation on each workday that the employee is not provided with a required meal period in violation of the Wage Order.

28.    At all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Plaintiff recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

29.    Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, **Shortened Meal Period Class** members recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

*Overtime Wage Rate Class & Premium Wage Rate Class*

8

30.     California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, non-discretionary bonuses, be included when calculating a non-exempt employee's regular rate of pay.

31.     At all relevant times, Defendants paid Plaintiff overtime wages based on a rate of pay that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of pay that was correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

32.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Overtime Wage Rate Class** members overtime wages based on rates of pay that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of pay that were correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

33.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of compensation that was correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

34.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Premium Wage Rate Class** members premium wages based on rates of compensation that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of compensation that were correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

*Relief Sought*

35.     Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of himself, the **Shortened Meal Period Class, Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks an order awarding restitution of unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

36.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Shortened Meal Period**

9

1    Class, Overtime Wage Rate Class, and the **Premium Wage Rate Class**, seeks awards of

2    reasonable costs and attorneys' fees in amounts subject to proof.

3    <u>**SECOND CAUSE OF ACTION**</u>

4    **FAILURE TO PAY MINIMUM AND OVERTIME WAGES**

5    **(Lab. Code §§ 1194 and 1194.2)**

6    **(By Plaintiff. the Shortened Meal Period Class, and the Overtime Wage Rate Class)**

7        37.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

8        38.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff, on behalf of himself, the

9    **Shortened Meal Period Class**, and the **Overtime Wage Rate Class**, seeks to recover earned

10   and unpaid minimum and overtime wages, interest thereon, liquidated damages, and awards of

11   reasonable costs and attorneys' fees, all in amounts subject to proof.

12   <u>**THIRD CAUSE OF ACTION**</u>

13   **WAITING TIME PENALTIES**

14   **(Lab. Code § 203)**

15   **(By Plaintiff and the Waiting Time Penalties Class)**

16       39.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

17       40.    Labor Code § 201 provides that all of the earned and unpaid wages of an

18   employee who is discharged become due and payable immediately at the time of discharge.

19       41.    Labor Code § 202 provides that all of the earned and unpaid wages of an

20   employee who quits become due and payable at the time of quitting if the employee gives at

21   least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less

22   than 72-hours notice before quitting.

23       42.    Defendants failed to timely pay Plaintiff earned and unpaid minimum, overtime,

24   and premium wages after he was discharged in violation of Labor Code § 201.

25       43.    Plaintiff is informed and believes that Defendants have failed to timely pay

26   **Waiting Time Penalties Class** members earned and unpaid minimum, overtime, and/or

27   premium wages after quitting or discharge in violation of Labor Code § 201 or § 202.

28       44.    Labor Code § 203 provides that the wages of an employee shall continue as a

10

penalty from the due date until the wages are paid for up to 30 days where an employer willfully fails to timely pay any amount of earned and unpaid wages in violation of California Labor Code § 201 or § 202.

45.     Plaintiff is informed and believes that Defendants' failures to pay minimum, overtime, and/or premium wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay said wages in conformity with the Labor Code and the Wage Order but have deliberately adopted payroll policies and practices that are inconsistent with those requirements.

46.     Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Waiting Time Penalties Class**, seeks to recover up to 30 days of waiting time penalties per employee in amounts subject to proof.

## FOURTH CAUSE OF ACTION
## WAGE STATEMENT PENALTIES
### (Lab. Code § 226)
### (By Plaintiff and the Wage Statement Penalties Class)

47.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

48.     Pursuant to Labor Code § 226(a), Defendants have been obliged to provide Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of each payment of wages, accurate itemized statement showing, among other things, all applicable hourly rates of pay in effect during the pay period, their corresponding number of hours worked at each applicable rate, and gross and net wages earned.

49.     By failing to pay minimum, overtime, and premium wages to Plaintiff as set forth above, Defendants have furnished him with written wage statements that do not accurately reflect all of his applicable rates of pay, hours worked, corresponding wages earned at each applicable rate, and amounts of gross and net wages.

50.     Plaintiff is informed and believes that by failing to pay minimum, overtime, and/or premium wages to **Wage Statement Penalties Class** members as set forth above, Defendants have furnished them with written wage statements that do not accurately reflect all

1  of their applicable rates of pay, hours worked, corresponding wages earned at each applicable

2  rate, and amounts of gross and net wages.

3        51.    Plaintiff is informed and believes that Defendants' failures to provide him and

4  **Wage Statement Penalties Class** members with accurate wage statements have been

5  intentional, in that Defendants have, at all relevant times, had the ability to provide them with

6  accurate wage statements but, instead, have intentionally provided them with inaccurate wage

7  statements as a result of not correctly calculating their applicable rates of pay, hours worked,

8  corresponding wages earned at each applicable rate, and amounts of gross and net wages.

9        52.    Plaintiff and **Wage Statement Penalties Class** members have suffered injuries

10  due to Defendants' failures to provide them with accurate written wage statements. Their legal

11  rights to receive accurate wage statements have been violated and they have been misled about

12  the rates at which their wages are to be paid and the amounts of wages they have been paid. In

13  addition, the absence of accurate information has prevented immediate challenges to allegedly

14  unlawful pay practices, has required discovery and mathematical computations to determine the

15  amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and

16  pay records, and/or has caused inaccurate information about wages and wage deductions to be

17  submitted to government agencies.

18        53.    Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the **Wage**

19  **Statement Penalties Class**, seeks to recover the greater of actual damages or $50 for the initial

20  pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for

21  each violation of Labor Code Section 226(a) in a subsequent pay period, up to the greater of

22  actual damages or a aggregate $4,000 penalty per class member, as well as awards of reasonable

23  attorneys' fees and costs, all in amounts subject to proof.

24  <u>SIXTH CAUSE OF ACTION</u>

25  CIVIL PENALTIES

26  (Lab. Code §§ 2698, *et seq.*)

27        54.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

28        55.    During the applicable limitations period, Defendants have violated Labor Code

1   §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

2       56.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of

3   herself and other current and former employees, to bring a representative civil action to recover

4   civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need

5   not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

6       57.    Plaintiff, as a former employee against whom Defendants committed one or

7   more of the alleged Labor Code violations during the applicable limitations period, is an

8   aggrieved employee within the meaning of Labor Code § 2699(c).

9       58.    Plaintiff has complied with the procedures for bringing suit specified in Labor

10   Code § 2699.3.  By letter dated March 28, 2011, Plaintiff gave written notice via certified mail

11   to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific

12   provisions of the Labor Code alleged to have been violated, including the facts and theories to

13   support the alleged violations. More than 33 days have passed since the date of Plaintiff's letter

14   and the LWDA has not informed Plaintiff that it intends to investigate the alleged violations.

15                           *Failures to Provide Suitable Seats*

16       59.    In addition to the violations of the Labor Code set forth above, Defendants have

17   also violated Labor Code § 1198, which prohibits the employment of persons under conditions

18   that violate the Wage Order.

19       60.    Specifically, Section 14 of the Wage Order provides,

20           (A)  All working employees shall be provided with suitable seats when the
            nature of the work reasonably permits the use of seats.

21

22           (B)  When employees are not engaged in the active duties of their
            employment and the nature of the work requires standing, an adequate

23           number of suitable seats shall be placed in reasonable proximity to the
            work area and employees shall be permitted to use such seats when it does

24           not interfere with the performance of their duties.

25

26       61.    At all relevant times during his employment, Defendants did not provide Plaintiff

27   with suitable seats when he performed job duties that allowed for the use of such seats, such as

28   operating a cash register, did not place an adequate number of suitable seats within a reasonable

proximity to his work area when he performed job duties that required him to stand, such as cooking, and, in fact, did not permit him to use a seat except during breaks.

62.    Plaintiff is informed and believes that, at all relevant times, Defendants have not provide other aggrieved employees with suitable seats when they have performed job duties that allow for the use of such seats, such as operating cash registers, have not placed an adequate number of suitable seats within a reasonable proximity to their work areas when they have performed job duties that have required them to stand, such as cooking, and, in fact, have not permitted them to use seats except during breaks.

### *Civil Penalties Sought Based on All Alleged Labor Code Violations*

63.    Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code §§, 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198:

A.    For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code § 2699(f)(2));

B.    For violations of Labor Code § 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code § 210);

C.    For violations of Labor Code § 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional,

14

1  and $200 for each employee, plus 25% of the amount unlawfully

2  withheld from each employee, for each subsequent violation, regardless

3  of whether the subsequent violation was either willful or intentional

4  (penalties set by Labor Code § 225.5);

5  D.   For violations of Labor Code § 226(a), if this action is deemed to be an

6  initial citation, $250 for each employee for each violation. Alternatively,

7  if an initial citation or its equivalent occurred before the filing of this

8  action, $1,000 for each employee for each violation (penalties set by

9  Labor Code § 226.3);

10  E.   For violations of Labor Code §§ 510 and 512, $50 for each employee for

11  each initial pay period for which the employee was underpaid, and $100

12  for each employee for each subsequent pay period for which the

13  employee was underpaid (penalties set by Labor Code § 558); and

14  F.   For violations of Labor Code § 1197, $100 for each aggrieved employee

15  for each initial violation of Labor Code § 1197 that was intentional, and

16  $250 for each aggrieved employee per pay period for each subsequent

17  violation of § 1197, regardless of whether the initial violation was

18  intentional (penalties set by Labor Code § 1197.1).

19  64.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and

20  attorneys' fees in connection with his claims for civil penalties.

21  **PRAYER FOR RELIEF**

22  WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and as an

23  "aggrieved employee" on behalf of other "aggrieved employees," prays for relief and judgment

24  against Defendants as follows:

25  A.   An order that the action be certified as a class action;

26  B.   An order that Plaintiff be appointed class representative;

27  C.   An order that counsel for Plaintiff be appointed class counsel;

28  D.   Damages;

15

*Singh-Biscofberger v. Sur La Table. Inc.. et al.*                                *First Amended Complaint*

1   E.    Restitution;

2   F.    Declaratory relief;

3   G.    Injunctive relief;

4   H.    Civil penalties;

5   I.    Statutory penalties;

6   J.    Pre-judgment interest;

7   K.    Costs of suit;

8   L.    Reasonable attorney's fees; and

9   M.    Such other relief as the Court deems just and proper.

10  ## DEMAND FOR JURY TRIAL

11      Plaintiff, on behalf of himself and all others similarly situated, and as an "aggrieved

12  employee" on behalf of other "aggrieved employees," hereby demands a jury trial on all issues

13  so triable.

14                                          Respectfully submitted,

15                                          LAW OFFICES OF SHAUN SETAREH
16                                          THE SPIVAK LAW FIRM
                                            LAW OFFICES OF LOUIS BENOWITZ
17

18      Dated: May 5, 2011                  BY

19                                          SHAUN SETAREH
                                            Attorneys for Plaintiff
20                                          RALF SINGH-BISCHOFBERGER

21

22

23

24

25

26

27

28

16

## PROOF OF SERVICE

State of California,
County of Los Angeles

1.      I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., PH 1, Beverly Hills, California 90212.

2.      I am familiar with the practice of the Law Office of Shaun Setareh, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

On Tuesday, June 21, 2011, I served the foregoing document described as **PLAINTIFF'S FIRST AMENDED COMPLAINT** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

### SEE ATTACHED SERVICE LIST

XXXX (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Office of Shaun Setareh, 9454 Wilshire Boulevard, PH 1, Beverly Hills, California 90212.

_____ (BY PERSONAL SERVICE) My agent delivered such envelope by hand to the home/offices of the addressee.

EXECUTED on Tuesday, June 21, 2011, at Beverly Hills, California.

XXXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ASHLEY GREEN

**SERVICE LIST**

Andrew Livingston
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669


Sur La Table, Inc.
c/o Business Filings Incorporated
Leslie Fuller
1232 Q Street, First Floor
Sacramento, CA 95811

2

# EXHIBIT C

α0012
A7250

Shaun Setareh (SBN 204514)
    setarehlaw@sbcglobal.net
Hayley Schwartzkopf (SBN 265131)
    hayley.setarehlaw@sbcglobal.net
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:     (310) 888-7771
Facsimile:     (310) 888-0109
(Additional Counsel on Following Page)

Attorneys for Plaintiff
RALF SINGH-BISCHOFBERGER

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 09 2011

John A. Clarke, Executive Officer/Clerk
BY _____
        Anna Grider , Deputy

324 CCW Emilie H. Elias

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
*(UNLIMITED JURISDICTION)*

| | |
|---|---|
| RALF SINGH-BISCHOFBERGER, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.   **BC 461167**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br>1.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br>2.  Unpaid Minimum and Overtime Wages (Lab. Code §§ 1194 and 1194.2);<br>3.  Wage Statement Penalties (Lab. Code § 226);<br>4.  Waiting Time Penalties (Lab. Code § 203); and,<br>5.  Civil Penalties (Lab. Code §§ 2698, *et seq.*).<br><br>**JURY TRIAL DEMANDED** |

CIT/CASE: BC461167 LEA/DEF#:
RECEIPT #: CCH5074I7073
DATE PAID: 05/09/11 02:39:36 PM
PAYMENT: $395.00
RECEIVED:
CHECK:
CASH:       395.00
CHANGE:
CARD:
031d

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Telephone:    (310) 499-4730
Facsimile:    (310) 499-4739

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:    (310) 888-7771
Facsimile:    (310) 888-0109

2

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                                        *Complaint*

Plaintiff Ralf Singh-Bischofberger ("Plaintiff"), on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants Sur La Table, Inc. and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to him and similarly situated current and former hourly employees in California for unpaid wages and other related relief based on their alleged failures to pay them minimum, overtime, and meal period premium wages. Plaintiff also alleges that Defendants are liable to him and other "aggrieved employees" based on alleged failures to furnish them with suitable seating accommodations. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class and representative private attorney general action.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case based on Plaintiff's information and belief that relief sought herein for Defendants' alleged violations of the Labor Code, Wage Order, and Business and Professions Code exceeds the jurisdictional minimum of this Court as required under California law.

3.      This case falls outside the scope of federal question subject matter jurisdiction in that all of the causes of action set forth herein solely arise under California law and also falls outside the scope of federal diversity subject matter jurisdiction based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $5 million in controversy.

4.      Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

3

## PARTIES

5.     Plaintiff is a former hourly employee of Defendants who worked in Los Angeles County, California during the one-year time period before the filing of this action.

6.     Defendant Sur La Table, Inc. is a corporation organized under Washington law.

7.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

8.     Plaintiff is informed and believes that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

9.     Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     The class and subclass members are defined as follows:

**Shortened Meal Period Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, clocked out for a recorded meal period of less than 30 minutes on one or more workdays without being paid an additional hour of premium wages on one or more of those workdays.

**Overtime Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid overtime wages and also received commissions and/or bonuses.

4

**Premium Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid meal and/or rest period premium wages and also received commissions and/or bonuses.

**Waiting Time Penalties Class:** All **Shortened Meal Period Class**, **Overtime Wage Rate Class**, and/or **Premium Wage Rate Class** members who voluntarily or involuntarily separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Class:** All **Shortened Meal Period Class**, **Overtime Wage Rate Class**, and/or **Premium Wage Rate Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

12.     Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

13.     The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the minimum number required for numerosity under California law.

14.     Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

    A.     Whether Section 11(A) of the Wage Order requires Defendants to count recorded meal periods that are less than 30 minutes as "time worked" for **Shortened Meal Period Class** members?

    B.     Whether Labor Code § 226.7(b) requires Defendants to pay premium wages to **Shortened Meal Period Class** members for recorded meal periods of less than 30 minutes?

    C.     Whether Defendants failed to include commissions and non-discretionary bonuses in calculating regular rates of pay when paying overtime wages to **Overtime Wage Rate Class** members?

5

*Singh-Biscofsberger v. Sur La Table, Inc., et al.*          *Complaint*

D.     Whether Defendants are required to include commissions and non-discretionary bonuses in calculating the "regular rate of compensation" under Labor Code § 226.7(b) when paying premium wages to **Premium Wage Rate Class** members?

E.     Whether Defendants may have acquired money or property by means of unfair competition in the forms of earned minimum, overtime, and/or premium wages from **Shortened Meal Period Class** and **Premium Wage Rate Class** members?

F.     Whether Defendants willfully failed to timely pay earned and unpaid wages to **Waiting Time Penalties Class** members?

G.     Whether Defendants knowingly and intentionally failed to provide **Wage Statement Penalties Class** members with accurate wage statements?

15.    Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes that Defendants have policies or practices of failing to comply with the Labor Code, Wage Order, and Business and Professions Code as alleged herein.

16.    Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

17.    A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

6

## FIRST CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff, the Shortened Meal Period Class, the Overtime Wage Rate Class, and the Premium Wage Rate Class)

18.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

19.    Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

20.    Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

### *Shortened Meal Period Class*

21.    At all relevant times, Plaintiff and **Shortened Meal Period Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

22.    Labor Code § 204 requires employers to timely pay earned wages to their employees for all labor that their employees normally perform by no later than the regularly scheduled payday for that pay period and for all labor in excess of that which their employees normally perform by no later than the regularly scheduled payday for the next pay period.

23.    Labor Code §§ 223, 510, 1194, 1197, and 1198, and Sections 3 and 4 of the Wage Order require an employer to pay a non-exempt employee no less than minimum wage for all hours worked, no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

///

7

24.    Labor Code § 512 and Section 11 of the Wage Order both require employers to provide their employees with meal periods of no less than 30 minutes for each work period of 5 or more hours, including two meal periods of no less than 30 minutes for each work period of more than 10 hours.

25.    In relevant part, Section 11(C) of the Wage Order states, "Unless [an] employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

26.    Both Labor Code § 226.7 and Section 11 of the Wage Order require an employer to pay a non-exempt employee an additional hour of wages at the employee's regular rate of compensation on each workday that the employee is not provided with a required meal period in violation of the Wage Order.

27.    At all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Plaintiff recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

28.    Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, **Shortened Meal Period Class** members recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

*Overtime Wage Rate Class & Premium Wage Rate Class*

29.    California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, non-discretionary bonuses, be included when calculating a non-exempt employee's regular rate of pay.

30.    At all relevant times, Defendants paid Plaintiff overtime wages based on a rate of pay that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of pay that was correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

8

31.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Overtime Wage Rate Class** members overtime wages based on rates of pay that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of pay that were correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

32.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of compensation that was correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

33.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Premium Wage Rate Class** members premium wages based on rates of compensation that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of compensation that were correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

*Relief Sought*

34.     Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of himself, the **Shortened Meal Period Class**, **Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks an order awarding restitution of unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

35.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Shortened Meal Period Class**, **Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks awards of reasonable costs and attorneys' fees in amounts subject to proof.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES

### (Lab. Code §§ 1194 and 1194.2)

### (By Plaintiff. the Shortened Meal Period Class, and the Overtime Wage Rate Class)

36.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

9

37.     Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff, on behalf of himself, the **Shortened Meal Period Class**, and the **Overtime Wage Rate Class**, seeks to recover earned and unpaid minimum and overtime wages, interest thereon, liquidated damages, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES

### (Lab. Code § 203)

### (By Plaintiff and the Waiting Time Penalties Class)

38.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

39.     Labor Code § 201 provides that all of the earned and unpaid wages of an employee who is discharged become due and payable immediately at the time of discharge.

40.     Labor Code § 202 provides that all of the earned and unpaid wages of an employee who quits become due and payable at the time of quitting if the employee gives at least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less than 72-hours notice before quitting.

41.     Defendants failed to timely pay Plaintiff earned and unpaid minimum, overtime, and premium wages after he was discharged in violation of Labor Code § 201.

42.     Plaintiff is informed and believes that Defendants have failed to timely pay **Waiting Time Penalties Class** members earned and unpaid minimum, overtime, and/or premium wages after quitting or discharge in violation of Labor Code § 201 or § 202.

43.     Labor Code § 203 provides that the wages of an employee shall continue as a penalty from the due date until the wages are paid for up to 30 days where an employer willfully fails to timely pay any amount of earned and unpaid wages in violation of California Labor Code § 201 or § 202.

44.     Plaintiff is informed and believes that Defendants' failures to pay minimum, overtime, and/or premium wages to him and **Waiting Time Penalties Class** members have been willful in that Defendants have the ability to pay said wages in conformity with the Labor Code and the Wage Order but have deliberately adopted payroll policies and practices that are

10

1    inconsistent with those requirements.

2        45.    Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Waiting**

3    **Time Penalties Class**, seeks to recover up to 30 days of waiting time penalties per employee in

4    amounts subject to proof.

5                            **FOURTH CAUSE OF ACTION**

6                         **WAGE STATEMENT PENALTIES**

7                              **(Lab. Code § 226)**

8                **(By Plaintiff and the Wage Statement Penalties Class)**

9        46.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

10       47.    Pursuant to Labor Code § 226(a), Defendants have been obliged to provide

11   Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of

12   each payment of wages, accurate itemized statement showing, among other things, all

13   applicable hourly rates of pay in effect during the pay period, their corresponding number of

14   hours worked at each applicable rate, and gross and net wages earned.

15       48.    By failing to pay minimum, overtime, and premium wages to Plaintiff as set

16   forth above, Defendants have furnished him with written wage statements that do not accurately

17   reflect all of his applicable rates of pay, hours worked, corresponding wages earned at each

18   applicable rate, and amounts of gross and net wages.

19       49.    Plaintiff is informed and believes that by failing to pay minimum, overtime,

20   and/or premium wages to **Wage Statement Penalties Class** members as set forth above,

21   Defendants have furnished them with written wage statements that do not accurately reflect all

22   of their applicable rates of pay, hours worked, corresponding wages earned at each applicable

23   rate, and amounts of gross and net wages.

24       50.    Plaintiff is informed and believes that Defendants' failures to provide him and

25   **Wage Statement Penalties Class** members with accurate wage statements have been

26   intentional, in that Defendants have, at all relevant times, had the ability to provide them with

27   accurate wage statements but, instead, have intentionally provided them with inaccurate wage

28   statements as a result of not correctly calculating their applicable rates of pay, hours worked,

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                                    *Complaint*

corresponding wages earned at each applicable rate, and amounts of gross and net wages.

51.     Plaintiff and **Wage Statement Penalties Class** members have suffered injuries due to Defendants' failures to provide them with accurate written wage statements. Their legal rights to receive accurate wage statements have been violated and they have been misled about the rates at which their wages are to be paid and the amounts of wages they have been paid. In addition, the absence of accurate information has prevented immediate challenges to allegedly unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has caused inaccurate information about wages and wage deductions to be submitted to government agencies.

52.     Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the **Wage Statement Penalties Class**, seeks to recover the greater of actual damages or $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each violation of Labor Code Section 226(a) in a subsequent pay period, up to the greater of actual damages or a aggregate $4,000 penalty per class member, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

## SIXTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab. Code §§ 2698, *et seq.*)

53.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

54.     During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

55.     Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

56.     Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an

12

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                                    *Complaint*

1    aggrieved employee within the meaning of Labor Code § 2699(c).

2        57.    Plaintiff has complied with the procedures for bringing suit specified in Labor

3    Code § 2699.3. By letter dated March 28, 2011, Plaintiff gave written notice via certified mail

4    to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific

5    provisions of the Labor Code alleged to have been violated, including the facts and theories to

6    support the alleged violations. More than 33 days have passed since the date of Plaintiff's letter

7    and the LWDA has not informed Plaintiff that it intends to investigate the alleged violations.

8                           *Failures to Provide Suitable Seats*

9        58.    In addition to the violations of the Labor Code set forth above, Defendants have

10   also violated Labor Code § 1198, which prohibits the employment of persons under conditions

11   that violate the Wage Order.

12       59.    Specifically, Section 14 of the Wage Order provides,

13       (A)  All working employees shall be provided with suitable seats when the
14       nature of the work reasonably permits the use of seats.

15       (B)   When employees are not engaged in the active duties of their
16       employment and the nature of the work requires standing, an adequate
         number of suitable seats shall be placed in reasonable proximity to the
17       work area and employees shall be permitted to use such seats when it does
         not interfere with the performance of their duties.
18

19       60.    At all relevant times during his employment, Defendants did not provide Plaintiff

20   with suitable seats when he performed job duties that allowed for the use of such seats, such as

21   operating a cash register, did not place an adequate number of suitable seats within a reasonable

22   proximity to his work area when he performed job duties that required him to stand, such as

23   cooking, and, in fact, did not permit him to use a seat except during breaks.

24       61.    Plaintiff is informed and believes that, at all relevant times, Defendants have not

25   provide other aggrieved employees with suitable seats when they have performed job duties that

26   allow for the use of such seats, such as operating cash registers, have not placed an adequate

27   number of suitable seats within a reasonable proximity to their work areas when they have

28   performed job duties that have required them to stand, such as cooking, and, in fact, have not

13

1   permitted them to use seats except during breaks.

2          *Civil Penalties Sought Based on All Alleged Labor Code Violations*

3       62.   Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil

4   penalties for Defendants' violations of Labor Code §§, 201, 202, 203, 204, 223, 226(a), 226.7,

5   510, 512, 1194, 1197, and 1198:

6          A.   For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198,

7               $100 for each employee per pay period for each initial violation and $200

8               for each employee per pay period for each subsequent violation (penalties

9               set by Labor Code § 2699(f)(2));

10         B.   For violations of Labor Code § 204, $100 for each employee for each

11             initial violation that was neither willful nor intentional, $200 for each

12             employee, plus 25% of the amount unlawfully withheld from each

13             employee, for each initial violation that was either willful or intentional,

14             and $200 for each employee, plus 25% of the amount unlawfully

15             withheld from each employee, for each subsequent violation, regardless

16             of whether the subsequent violation was either willful or intentional

17             (penalties set by Labor Code § 210);

18         C.   For violations of Labor Code § 223, $100 for each employee for each

19             initial violation that was neither willful nor intentional, $200 for each

20             employee, plus 25% of the amount unlawfully withheld from each

21             employee, for each initial violation that was either willful or intentional,

22             and $200 for each employee, plus 25% of the amount unlawfully

23             withheld from each employee, for each subsequent violation, regardless

24             of whether the subsequent violation was either willful or intentional

25             (penalties set by Labor Code § 225.5);

26         D.   For violations of Labor Code § 226(a), if this action is deemed to be an

27             initial citation, $250 for each employee for each violation. Alternatively,

28             if an initial citation or its equivalent occurred before the filing of this

1    action, $1,000 for each employee for each violation (penalties set by

2    Labor Code § 226.3);

3    E.    For violations of Labor Code §§ 510 and 512, $50 for each employee for

4    each initial pay period for which the employee was underpaid, and $100

5    for each employee for each subsequent pay period for which the

6    employee was underpaid (penalties set by Labor Code § 558); and

7    F.    For violations of Labor Code § 1197, $100 for each aggrieved employee

8    for each initial violation of Labor Code § 1197 that was intentional, and

9    $250 for each aggrieved employee per pay period for each subsequent

10   violation of § 1197, regardless of whether the initial violation was

11   intentional (penalties set by Labor Code § 1197.1).

12   63.   Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and

13   attorneys' fees in connection with his claims for civil penalties.

14                                **PRAYER FOR RELIEF**

15   WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and as an

16   "aggrieved employee" on behalf of other "aggrieved employees," prays for relief and judgment

17   against Defendants as follows:

18   A.    An order that the action be certified as a class action;

19   B.    An order that Plaintiff be appointed class representative;

20   C.    An order that counsel for Plaintiff be appointed class counsel;

21   D.    Damages;

22   E.    Restitution;

23   F.    Declaratory relief;

24   G.    Injunctive relief;

25   H.    Civil penalties;

26   I.    Statutory penalties;

27   J.    Pre-judgment interest;

28   K.    Costs of suit;

15

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                    *Complaint*

L.   Reasonable attorney's fees; and

M.   Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees," hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

Dated: May 5, 2011

BY

SHAUN SETAREH
Attorneys for Plaintiff
RALF SINGH-BISCHOFBERGER

16

*Singh-Bischofberger v. Sur La Table, Inc., et al.*                                    *Complaint*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., Penthouse Suite<br>Beverly Hills, California 90212 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |

TELEPHONE NO.: 310-888-7771     FAX NO.: 310-888-0109

ATTORNEY FOR *(Name):* Ralf Singh-Bischofberger

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk

**MAY 09 2011**

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy

Lissa Grider

CASE NAME:

Singh-Bischofberger v. Sur La Table, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **BC 461167** |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 6, 2011

Shaun Setareh, Esq.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh-Bischofberger v. Sur La Table | BC 461167 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 21 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☑ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh-Bischofberger v. Sur La Table | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation  Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Singh-Bischofberger v. Sur La Table | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>Singh-Bischofberger v. Sur La Table | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 North Hill Stree |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>Makeb__, 2011</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUR LA TABLE, INC., a Washington corporation; and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** RALF SINGH-BISCHOFBERGER, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and all others
similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved
employees" under the Labor Code Private Attorneys General Act of 2004

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
**FILED**
**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**MAY 2 0 2011**

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California  90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 461167 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Blvd, Penthouse Floor, Beverly Hills, CA 90212                                    3108887771

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | **MAY 2 0 2011** | Clerk, by<br>*(Secretario)* | _____, Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-...).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|

Shaun Setareh, SBN 204514
Law Office of Shaun Setareh
9454 Wilshire Blvd., PH 1
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 888-7771
ATTORNEY FOR (Name): Plaintiff

FILED
LOS ANGELES SUPERIOR COURT

JUN 09 2011

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF/PETITIONER: Ralf Singh-Bischofberger, et al.

DEFENDANT/RESPONDENT: Sur La Table, Inc., et al.

CASE NUMBER:
BC461167

Ref. No. or File No.:
Sur La Table

**PROOF OF SERVICE OF SUMMONS**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Voluntary Efficient Litigation Stipulations

3. a. Party served: Sur La Table, Inc., a Washington corporation

   b. Person Served: Business Filings Incorporated, Leslie Fuller - Person authorized to accept service of process

4. Address where the party was served: 1232 Q St., 1st Floor
   Sacramento, CA 95811

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or (date): 6/1/2011        (2) at (time): 12:51 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Sur La Table, Inc., a Washington corporation

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:           Jermaine deJose
   b. Address:        One Legal - 194-Marin
                      504 Redwood Blvd #223
                      Novato, CA 94947
                      415-491-0606
   c. Telephone number:
   d. The fee for service was: $ 62.00
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2008-47
          (iii) County SACRAMENTO

BY FAX

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/1/2011

Jermaine deJose
(NAME OF PERSON WHO SERVED PAPERS)                                   (SIGNATURE)

Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

OL# 6746592

1  Shaun Setareh (SBN 204514)
    setarehlaw@sbcglobal.net
2  Hayley Schwartzkopf (SBN 265131)
    hayley.setarehlaw@sbcglobal.net
3  LAW OFFICES OF SHAUN SETAREH
4  9454 Wilshire Boulevard, Penthouse Floor
   Beverly Hills, California  90212
5  Telephone:     (310) 888-7771
6  Facsimile:      (310) 888-0109
   (Additional Counsel on Following Page)
7

8  Attorneys for Plaintiff
   RALF SINGH-BISCHOFBERGER
9

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 2 2 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
AMBER LAFLEUR-CLAYTON

10      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11     **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
12                    *(UNLIMITED JURISDICTION)*

13

14  RALF SINGH-BISCHOFBERGER, on
   behalf of himself and all others similarly
15  situated, and as an "aggrieved employee" on
   behalf of other "aggrieved employees" under
16  the Labor Code Private Attorneys General
   Act of 2004,
17

18         Plaintiff,

19        vs.

20  SUR LA TABLE, INC., a Washington
21  corporation; and DOES 1-50, inclusive,

22        Defendants.

23

24

Case No.  BC 461167

**CLASS ACTION**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**
1.  Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);
2.  Unpaid Minimum and Overtime Wages (Lab. Code §§ 1194 and 1194.2);
3.  Wage Statement Penalties (Lab. Code § 226);
4.  Waiting Time Penalties (Lab. Code § 203); and,
5.  Civil Penalties (Lab. Code §§ 2698, *et seq.*).

**JURY TRIAL DEMANDED**

25

26

27

28

## ADDITIONAL COUNSEL FOR PLAINTIFF

1

2

3  David Spivak (SBN 179684)
        david@spivaklaw.com
4  THE SPIVAK LAW FIRM
5  9454 Wilshire Boulevard, Suite 303
   Beverly Hills, California 90212
6  Telephone:    (310) 499-4730
   Facsimile:    (310) 499-4739
7

8  Louis Benowitz (SBN 262300)
        louis@benowitzlaw.com
9  LAW OFFICES OF LOUIS BENOWITZ
   9454 Wilshire Boulevard, Penthouse Floor
10 Beverly Hills, California 90212
11 Telephone:    (310) 888-7771
   Facsimile:    (310) 888-0109
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Plaintiff Ralf Singh-Bischofberger ("Plaintiff"), on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings class and representative action based on alleged violations of the Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order"), and the Business and Professions Code against defendants Sur La Table, Inc. and Does 1-50, inclusive (collectively "Defendants"). As set forth below in more detail below, Plaintiff alleges that Defendants are liable to him and similarly situated current and former hourly employees in California for unpaid wages and other related relief based on their alleged failures to pay them minimum, overtime, and meal period premium wages. Plaintiff also alleges that Defendants are liable to him and other "aggrieved employees" based on alleged failures to furnish them with suitable seating accommodations. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class and representative private attorney general action.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to hear this case based on Plaintiff's information and belief that relief sought herein for Defendants' alleged violations of the Labor Code, Wage Order, and Business and Professions Code exceeds the jurisdictional minimum of this Court as required under California law.

3.     This case falls outside the scope of federal question subject matter jurisdiction in that all of the causes of action set forth herein solely arise under California law and also falls outside the scope of federal diversity subject matter jurisdiction based on Plaintiff's information and belief that no class member has a claim that places more than $75,000 in controversy and that the aggregate claims of class members place less than $5 million in controversy.

4.     Venue is proper in Los Angeles County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

3

## PARTIES

5.      Plaintiff is a former hourly employee of Defendants who worked in Los Angeles County, California during the one-year time period before the filing of this action.

6.      Defendant Sur La Table, Inc. is a corporation organized under Washington law.

7.      Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as Does 1-50, inclusive, but is informed and believes that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

8.      Plaintiff is informed and believes that one or more of the defendants referred to herein have employed persons and engaged in unlawful labor and payroll practices in California during the applicable limitations periods.

9.      Plaintiff is informed and believes that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each defendant are legally attributable to each of the other defendants.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     The class and subclass members are defined as follows:

**Shortened Meal Period Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, clocked out for a recorded meal period of less than 30 minutes on one or more workdays without being paid an additional hour of premium wages on one or more of those workdays.

**Overtime Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid overtime wages and also received commissions and/or bonuses.

4

*Singh-Biscofberger v. Sur La Table, Inc., et al.*                          *First Amended Complaint*

**Premium Wage Rate Class:** All persons who, during the period beginning four years before the filing of this action and ending when final judgment is entered, were paid meal and/or rest period premium wages and also received commissions and/or bonuses.

**Waiting Time Penalties Class:** All **Shortened Meal Period Class Overtime Wage Rate Class,** and/or **Premium Wage Rate Class** members who voluntarily or involuntarily separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**Wage Statement Penalties Class:** All **Shortened Meal Period Class, Overtime Wage Rate Class,** and/or **Premium Wage Rate Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

12.     The membership of the above-defined classes and subclasses shall not include any persons whose relevant claims have completely been extinguished through any previous settlement or adjudication. In addition, and subject to the aforementioned limitation, the claims asserted on behalf of persons who are members of the above-defined classes and subclasses shall not include any claims asserted on their behalf in this action to the extent that they have been extinguished through any previous settlement or adjudication, but shall include any and all claims asserted on their behalf in this action to the extent they have not been extinguished.

13.     Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

14.     The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number of class members exceeds the minimum number required for numerosity under California law.

15.     Common questions of law and fact exist as to all class members and predominate over any questions which only affect individual class members, including, but not limited to:

A.     Whether Section 11(A) of the Wage Order requires Defendants to count recorded meal periods that are less than 30 minutes as "time worked" for

5

Shortened Meal Period Class members?

B.   Whether Labor Code § 226.7(b) requires Defendants to pay premium wages to Shortened Meal Period Class members for recorded meal periods of less than 30 minutes?

C.   Whether Defendants failed to include commissions and non-discretionary bonuses in calculating regular rates of pay when paying overtime wages to Overtime Wage Rate Class members?

D.   Whether Defendants are required to include commissions and non-discretionary bonuses in calculating the "regular rate of compensation" under Labor Code § 226.7(b) when paying premium wages to Premium Wage Rate Class members?

E.   Whether Defendants may have acquired money or property by means of unfair competition in the forms of earned minimum, overtime, and/or premium wages from Shortened Meal Period Class and Premium Wage Rate Class members?

F.   Whether Defendants willfully failed to timely pay earned and unpaid wages to Waiting Time Penalties Class members?

G.   Whether Defendants knowingly and intentionally failed to provide Wage Statement Penalties Class members with accurate wage statements?

16.   Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes that Defendants have policies or practices of failing to comply with the Labor Code, Wage Order, and Business and Professions Code as alleged herein.

17.   Plaintiff will fairly and adequately represent and protect the interests of class members in that he has no interests adverse to those of absent class members and is represented by counsel with experience in employment and class action litigation.

18.   A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and

6

1  efficiently prosecute their common claims in a single forum without the unnecessary duplication

2  of effort and expense that numerous individual actions would entail. In addition, the monetary

3  amounts due to many individual class members are likely to be relatively small and would thus

4  make it difficult, if not impossible, for individual class members to both seek and obtain relief.

5  Moreover, a class action will serve an important public interest by permitting class members to

6  effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the

7  potential for inconsistent or contradictory judgments inherent in individual litigation.

8  ## FIRST CAUSE OF ACTION

9  ### UNFAIR COMPETITION

10  **(Bus. & Prof. Code §§ 17200, et seq.)**

11  **(By Plaintiff, the Shortened Meal Period Class, the Overtime Wage Rate Class,**

12  **and the Premium Wage Rate Class)**

13      19.  Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

14      20.  Business and Professions Code § 17200 defines "unfair competition" to include

15  any unlawful business practice.

16      21.  Business and Professions Code §§ 17203–17204 allow a person who has lost

17  money or property as a result of unfair competition to bring a class action in accordance with

18  Code of Civil Procedure § 382 to recover money or property that may have been acquired from

19  similarly situated persons by means of unfair competition.

20  *Shortened Meal Period Class*

21      22.  At all relevant times, Plaintiff and **Shortened Meal Period Class** members have

22  been non-exempt employees of Defendants and entitled to the full protections of both the Labor

23  Code and the Wage Order.

24      23.  Labor Code § 204 requires employers to timely pay earned wages to their

25  employees for all labor that their employees normally perform by no later than the regularly

26  scheduled payday for that pay period and for all labor in excess of that which their employees

27  normally perform by no later than the regularly scheduled payday for the next pay period.

28      24.  Labor Code §§ 223, 510, 1194, 1197, and 1198, and Sections 3 and 4 of the

7

Wage Order require an employer to pay a non-exempt employee no less than minimum wage for all hours worked, no less than one and one-half times the employee's regular rate of pay for all hours worked in excess of 8 hours in one workday, in excess of 40 hours in one workweek, and for the first 8 hours worked on a seventh consecutive workday, and at no less than twice the employee's regular rate of pay for all hours worked in excess of 12 hours in a workday and/or in excess of 8 hours on a seventh consecutive workday.

///

25.     Labor Code § 512 and Section 11 of the Wage Order both require employers to provide their employees with meal periods of no less than 30 minutes for each work period of 5 or more hours, including two meal periods of no less than 30 minutes for each work period of more than 10 hours.

26.     In relevant part, Section 11(C) of the Wage Order states, "Unless [an] employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked."

27.     Both Labor Code § 226.7 and Section 11 of the Wage Order require an employer to pay a non-exempt employee an additional hour of wages at the employee's regular rate of compensation on each workday that the employee is not provided with a required meal period in violation of the Wage Order.

28.     At all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, Plaintiff recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

29.     Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the Wage Order, **Shortened Meal Period Class** members recorded meal periods of less than 30 minutes without being paid minimum and/or overtime wages for the time they were clocked out from work on those workdays and without being paid premium wages on those workdays.

*Overtime Wage Rate Class & Premium Wage Rate Class*

8

30.     California law uses the terms "compensation" and "pay" interchangeably and requires that all applicable remuneration, including, but not limited to, non-discretionary bonuses, be included when calculating a non-exempt employee's regular rate of pay.

31.     At all relevant times, Defendants paid Plaintiff overtime wages based on a rate of pay that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of pay that was correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

32.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Overtime Wage Rate Class** members overtime wages based on rates of pay that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of pay that were correctly calculated to reflect those amounts as Labor Code § 510 and Section 3 of the Wage Order require.

33.     At all relevant times, Defendants paid Plaintiff premium wages based on a rate of compensation that did not reflect commissions and non-discretionary bonuses rather than based on a regular rate of compensation that was correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

34.     Plaintiff is informed and believes that, at all relevant times, Defendants have paid **Premium Wage Rate Class** members premium wages based on rates of compensation that have not reflected commissions and non-discretionary bonuses rather than based on regular rates of compensation that were correctly calculated to reflect those amounts as Labor Code § 226.7(b) and Section 11(D) of the Wage Order both require.

### *Relief Sought*

35.     Pursuant to Business and Professions Code §§ 17203–17204, Plaintiff, on behalf of himself, the **Shortened Meal Period Class**, **Overtime Wage Rate Class**, and the **Premium Wage Rate Class**, seeks an order awarding restitution of unpaid wages that Defendants acquired, or may have acquired, by means of unfair competition in amounts subject to proof.

36.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself, the **Shortened Meal Period**

9

1   Class, Overtime Wage Rate Class, and the **Premium Wage Rate Class**, seeks awards of

2   reasonable costs and attorneys' fees in amounts subject to proof.

3                    SECOND CAUSE OF ACTION

4          FAILURE TO PAY MINIMUM AND OVERTIME WAGES

5                    (Lab. Code §§ 1194 and 1194.2)

6   (By Plaintiff. the Shortened Meal Period Class, and the Overtime Wage Rate Class)

7          37.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

8          38.    Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff, on behalf of himself, the

9   **Shortened Meal Period Class**, and the **Overtime Wage Rate Class**, seeks to recover earned

10  and unpaid minimum and overtime wages, interest thereon, liquidated damages, and awards of

11  reasonable costs and attorneys' fees, all in amounts subject to proof.

12                   THIRD CAUSE OF ACTION

13                    WAITING TIME PENALTIES

14                    (Lab. Code § 203)

15              (By Plaintiff and the Waiting Time Penalties Class)

16         39.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

17         40.    Labor Code § 201 provides that all of the earned and unpaid wages of an

18  employee who is discharged become due and payable immediately at the time of discharge.

19         41.    Labor Code § 202 provides that all of the earned and unpaid wages of an

20  employee who quits become due and payable at the time of quitting if the employee gives at

21  least 72-hours notice before quitting, or within 72 hours of quitting if the employee gives less

22  than 72-hours notice before quitting.

23         42.    Defendants failed to timely pay Plaintiff earned and unpaid minimum, overtime,

24  and premium wages after he was discharged in violation of Labor Code § 201.

25         43.    Plaintiff is informed and believes that Defendants have failed to timely pay

26  **Waiting Time Penalties Class** members earned and unpaid minimum, overtime, and/or

27  premium wages after quitting or discharge in violation of Labor Code § 201 or § 202.

28         44.    Labor Code § 203 provides that the wages of an employee shall continue as a

                                    10

1   penalty from the due date until the wages are paid for up to 30 days where an employer willfully

2   fails to timely pay any amount of earned and unpaid wages in violation of California Labor

3   Code § 201 or § 202.

4       45.   Plaintiff is informed and believes that Defendants' failures to pay minimum,

5   overtime, and/or premium wages to him and **Waiting Time Penalties Class** members have

6   been willful in that Defendants have the ability to pay said wages in conformity with the Labor

7   Code and the Wage Order but have deliberately adopted payroll policies and practices that are

8   inconsistent with those requirements.

9       46.   Pursuant to Labor Code § 203, Plaintiff, on behalf of himself and the **Waiting**

10  **Time Penalties Class**, seeks to recover up to 30 days of waiting time penalties per employee in

11  amounts subject to proof.

12  <div align="center">**FOURTH CAUSE OF ACTION**</div>

13  <div align="center">**WAGE STATEMENT PENALTIES**</div>

14  <div align="center">**(Lab. Code § 226)**</div>

15  <div align="center">**(By Plaintiff and the Wage Statement Penalties Class)**</div>

16       47.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

17       48.   Pursuant to Labor Code § 226(a), Defendants have been obliged to provide

18  Plaintiff and **Wage Statement Penalties Class** members, either semimonthly or at the time of

19  each payment of wages, accurate itemized statement showing, among other things, all

20  applicable hourly rates of pay in effect during the pay period, their corresponding number of

21  hours worked at each applicable rate, and gross and net wages earned.

22       49.   By failing to pay minimum, overtime, and premium wages to Plaintiff as set

23  forth above, Defendants have furnished him with written wage statements that do not accurately

24  reflect all of his applicable rates of pay, hours worked, corresponding wages earned at each

25  applicable rate, and amounts of gross and net wages.

26       50.   Plaintiff is informed and believes that by failing to pay minimum, overtime,

27  and/or premium wages to **Wage Statement Penalties Class** members as set forth above,

28  Defendants have furnished them with written wage statements that do not accurately reflect all

<div align="center">11</div>

1  of their applicable rates of pay, hours worked, corresponding wages earned at each applicable

2  rate, and amounts of gross and net wages.

3       51.   Plaintiff is informed and believes that Defendants' failures to provide him and

4  **Wage Statement Penalties Class** members with accurate wage statements have been

5  intentional, in that Defendants have, at all relevant times, had the ability to provide them with

6  accurate wage statements but, instead, have intentionally provided them with inaccurate wage

7  statements as a result of not correctly calculating their applicable rates of pay, hours worked,

8  corresponding wages earned at each applicable rate, and amounts of gross and net wages.

9       52.   Plaintiff and **Wage Statement Penalties Class** members have suffered injuries

10  due to Defendants' failures to provide them with accurate written wage statements. Their legal

11  rights to receive accurate wage statements have been violated and they have been misled about

12  the rates at which their wages are to be paid and the amounts of wages they have been paid. In

13  addition, the absence of accurate information has prevented immediate challenges to allegedly

14  unlawful pay practices, has required discovery and mathematical computations to determine the

15  amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and

16  pay records, and/or has caused inaccurate information about wages and wage deductions to be

17  submitted to government agencies.

18       53.   Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and the **Wage**

19  **Statement Penalties Class**, seeks to recover the greater of actual damages or $50 for the initial

20  pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for

21  each violation of Labor Code Section 226(a) in a subsequent pay period, up to the greater of

22  actual damages or a aggregate $4,000 penalty per class member, as well as awards of reasonable

23  attorneys' fees and costs, all in amounts subject to proof.

24  <p align="center">**<u>SIXTH CAUSE OF ACTION</u>**</p>

25  <p align="center">**CIVIL PENALTIES**</p>

26  <p align="center">**(Lab. Code §§ 2698, *et seq.*)**</p>

27       54.   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

28       55.   During the applicable limitations period, Defendants have violated Labor Code

<p align="center">12</p>

1  §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

2       56.  Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of

3  herself and other current and former employees, to bring a representative civil action to recover

4  civil penalties pursuant to the procedures specified in Labor Code § 2699.3 that may, but need

5  not, be brought or maintained as a class action pursuant to Code of Civil Procedure § 382.

6       57.  Plaintiff, as a former employee against whom Defendants committed one or

7  more of the alleged Labor Code violations during the applicable limitations period, is an

8  aggrieved employee within the meaning of Labor Code § 2699(c).

9       58.  Plaintiff has complied with the procedures for bringing suit specified in Labor

10  Code § 2699.3. By letter dated March 28, 2011, Plaintiff gave written notice via certified mail

11  to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific

12  provisions of the Labor Code alleged to have been violated, including the facts and theories to

13  support the alleged violations. More than 33 days have passed since the date of Plaintiff's letter

14  and the LWDA has not informed Plaintiff that it intends to investigate the alleged violations.

15                    ***Failures to Provide Suitable Seats***

16       59.  In addition to the violations of the Labor Code set forth above, Defendants have

17  also violated Labor Code § 1198, which prohibits the employment of persons under conditions

18  that violate the Wage Order.

19       60.  Specifically, Section 14 of the Wage Order provides,

20          (A)  All working employees shall be provided with suitable seats when the
            nature of the work reasonably permits the use of seats.

22          (B)  When employees are not engaged in the active duties of their
            employment and the nature of the work requires standing, an adequate
23          number of suitable seats shall be placed in reasonable proximity to the
            work area and employees shall be permitted to use such seats when it does
24          not interfere with the performance of their duties.

26       61.  At all relevant times during his employment, Defendants did not provide Plaintiff

27  with suitable seats when he performed job duties that allowed for the use of such seats, such as

28  operating a cash register, did not place an adequate number of suitable seats within a reasonable

1   proximity to his work area when he performed job duties that required him to stand, such as

2   cooking, and, in fact, did not permit him to use a seat except during breaks.

3       62.   Plaintiff is informed and believes that, at all relevant times, Defendants have not

4   provide other aggrieved employees with suitable seats when they have performed job duties that

5   allow for the use of such seats, such as operating cash registers, have not placed an adequate

6   number of suitable seats within a reasonable proximity to their work areas when they have

7   performed job duties that have required them to stand, such as cooking, and, in fact, have not

8   permitted them to use seats except during breaks.

9       ***Civil Penalties Sought Based on All Alleged Labor Code Violations***

10      63.   Pursuant to Labor Code §§ 2699(a) and (f), Plaintiff seeks the following civil

11  penalties for Defendants' violations of Labor Code §§, 201, 202, 203, 204, 223, 226(a), 226.7,

12  510, 512, 1194, 1197, and 1198:

13      A.   For violations of Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198,

14           $100 for each employee per pay period for each initial violation and $200

15           for each employee per pay period for each subsequent violation (penalties

16           set by Labor Code § 2699(f)(2));

17      B.   For violations of Labor Code § 204, $100 for each employee for each

18           initial violation that was neither willful nor intentional, $200 for each

19           employee, plus 25% of the amount unlawfully withheld from each

20           employee, for each initial violation that was either willful or intentional,

21           and $200 for each employee, plus 25% of the amount unlawfully

22           withheld from each employee, for each subsequent violation, regardless

23           of whether the subsequent violation was either willful or intentional

24           (penalties set by Labor Code § 210);

25      C.   For violations of Labor Code § 223, $100 for each employee for each

26           initial violation that was neither willful nor intentional, $200 for each

27           employee, plus 25% of the amount unlawfully withheld from each

28           employee, for each initial violation that was either willful or intentional,

1  and $200 for each employee, plus 25% of the amount unlawfully

2  withheld from each employee, for each subsequent violation, regardless

3  of whether the subsequent violation was either willful or intentional

4  (penalties set by Labor Code § 225.5);

5  D.  For violations of Labor Code § 226(a), if this action is deemed to be an

6  initial citation, $250 for each employee for each violation. Alternatively,

7  if an initial citation or its equivalent occurred before the filing of this

8  action, $1,000 for each employee for each violation (penalties set by

9  Labor Code § 226.3);

10  E.  For violations of Labor Code §§ 510 and 512, $50 for each employee for

11  each initial pay period for which the employee was underpaid, and $100

12  for each employee for each subsequent pay period for which the

13  employee was underpaid (penalties set by Labor Code § 558); and

14  F.  For violations of Labor Code § 1197, $100 for each aggrieved employee

15  for each initial violation of Labor Code § 1197 that was intentional, and

16  $250 for each aggrieved employee per pay period for each subsequent

17  violation of § 1197, regardless of whether the initial violation was

18  intentional (penalties set by Labor Code § 1197.1).

19  64.  Pursuant to Labor Code § 2699(g), Plaintiff seeks awards of reasonable costs and

20  attorneys' fees in connection with his claims for civil penalties.

21  **PRAYER FOR RELIEF**

22  WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, and as an

23  "aggrieved employee" on behalf of other "aggrieved employees," prays for relief and judgment

24  against Defendants as follows:

25  A.  An order that the action be certified as a class action;

26  B.  An order that Plaintiff be appointed class representative;

27  C.  An order that counsel for Plaintiff be appointed class counsel;

28  D.  Damages;

1  E.  Restitution;

2  F.  Declaratory relief;

3  G.  Injunctive relief;

4  H.  Civil penalties;

5  I.  Statutory penalties;

6  J.  Pre-judgment interest;

7  K.  Costs of suit;

8  L.  Reasonable attorney's fees; and

9  M.  Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees," hereby demands a jury trial on all issues so triable.

Respectfully submitted,

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

Dated: May 5, 2011    BY _____

          SHAUN SETAREH
          Attorneys for Plaintiff
          RALF SINGH-BISCHOFBERGER

16

**PROOF OF SERVICE**

State of California,
County of Los Angeles

      1.     I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Blvd., PH 1, Beverly Hills, California 90212.

      2.     I am familiar with the practice of the Law Office of Shaun Setareh, for collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

      On Tuesday, June 21, 2011, I served the foregoing document described as **PLAINTIFF'S FIRST AMENDED COMPLAINT** on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

XXXX (BY MAIL) I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Office of Shaun Setareh, 9454 Wilshire Boulevard, PH 1, Beverly Hills, California 90212.

\_\_\_\_ (BY PERSONAL SERVICE) My agent delivered such envelope by hand to the home/offices of the addressee.

      EXECUTED on Tuesday, June 21, 2011, at Beverly Hills, California.

XXXX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
ASHLEY GREEN

## SERVICE LIST

Andrew Livingston
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669


Sur La Table, Inc.
c/o Business Filings Incorporated
Leslie Fuller
1232 Q Street, First Floor
Sacramento, CA 95811

2

1  Shaun Setareh (SBN 204514)
       setarehlaw@sbcglobal.net
2  Hayley Schwartzkopf (SBN 265131)
       hayley.setarehlaw@sbcglobal.net
3  LAW OFFICES OF SHAUN SETAREH
4  9454 Wilshire Boulevard, Penthouse Floor
   Beverly Hills, California 90212
5  Tel:  (310) 888-7771, Fax:  (310) 888-0109
   (Additional Counsel on Following Page)
6
7  Attorneys for Plaintiff,
   RALF SINGH-BISCHOFBERGER

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 13 2011

John A. Clark, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

8
9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10         **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**
                          *(UNLIMITED JURISDICTION)*

11  RALF SINGH-BISCHOFBERGER, on      )   Case No. BC 461167   *0-15*
12  behalf of himself and all others similarly  )
    situated, and as an "aggrieved employee" on )
13  behalf of other "aggrieved employees" under )   **NOTICE OF NON-COMPLEX**
    the Labor Code Private Attorneys General  )   **DESIGNATION**
14  Act of 2004,                       )
15                                     )
           Plaintiff,                  )
16                                     )
        vs.                            )
17                                     )
18  SUR LA TABLE, INC., a Washington   )
    corporation; and DOES 1-50, inclusive,  )
19                                     )
20         Defendants.                 )
                                       )
21
22
23
24
25
26
27
28

## ADDITIONAL COUNSEL FOR PLAINTIFF

David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Boulevard, Suite 303
Beverly Hills, California 90212
Tel: (310) 499-4730, Fax: (310) 499-4739

Louis Benowitz (SBN 262300)
    louis@benowitzlaw.com
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Tel: (310) 888-7771, Fax: (310) 888-0109

2

NOTICE OF NON-COMPLEX DESIGNATION

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

Please take notice that the above titled action has been designated as non-complex. In addition, please take notice that the case has been reassigned from the Honorable Emilie H. Elias of Department 324 of the Los Angeles County Superior Court to the Honorable Richard Fruin of Department 15 of the Los Angeles County Superior Court.

A copy of the Nature of the Proceedings is attached hereto as Exhibit A.

LAW OFFICES OF SHAUN SETAREH
THE SPIVAK LAW FIRM
LAW OFFICES OF LOUIS BENOWITZ

Dated: June 10, 2011            BY

SHAUN SETAREH, Attorneys for Plaintiffs,
RALF SINGH-BISCHOFBERGER, and all
others similarly situated

3

NOTICE OF NON-COMPLEX DESIGNATION

## PROOF OF SERVICE

State of California,
County of Los Angeles

    1.    I am a citizen of the United States and am employed in the County of Los Angeles, State of California.  I am over the age of 18 years, and not a party to the within action. My business address is 9454 Wilshire Boulevard, PH, Beverly Hills, CA 90212.

    2.    I am familiar with the practice of the Law Office of Shaun Setareh for collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with the United States Postal Service the same day it is submitted for mailing.

    3.    On the 10th day of June, 2011, I served the foregoing document described as:

### NOTICE OF NON-COMPLEX DESIGNATION

on interested parties by placing a true and correct copy thereof enclosed in a sealed envelope, with postage fully prepaid, addressed as follows:

**Sur La Table, Inc.**
**c/o Business Filings Incorporated**
**1232 Q Street, First Floor**
**Sacramento, CA 95811**

XXXX (BY MAIL)  I caused such an envelope to be mailed by placing it for collection and mailing, in the course of ordinary business practice, with other correspondence of the Law Offices of Shaun Setareh, 9454 Wilshire Boulevard, Penthouse Floor, Beverly Hills, CA 90212.

    EXECUTED on the 10th day of June, 2011, at Beverly Hills, California.

XXXX (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Ashley Green

4

NOTICE OF NON-COMPLEX DESIGNATION



# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 05/25/11 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| 8:30 am BC461167 | Plaintiff Counsel |
| RALF SINGH-BISCHOFBERGER | NO APPEARANCES |
| VS | Defendant |
| SUR LA TABLE INC | Counsel |
| NON-COMPLEX (05-25-11) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Richard Fruin in Department 15 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 15 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page   1 of   2   DEPT. 324

MINUTES ENTERED
05/25/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 05/25/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC461167 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | RALF SINGH-BISCHOFBERGER VS SUR LA TABLE INC | Defendant Counsel | |
| | NON-COMPLEX (05-25-11) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
05-25-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 05-25-11

John A. Clarke, Executive Officer/Clerk


By: _____
        K. HILAIRE


LAW OFFICES OF SHAUN SETAREH
Shaun Setareh, Esq.
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California  90212

Page   2 of   2   DEPT. 324

MINUTES ENTERED
05/25/11
COUNTY CLERK

# EXHIBIT D

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Shaun Setareh, SBN 204514
Law Office of Shaun Setareh
9454 Wilshire Blvd., PH 1
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 888-7771
ATTORNEY FOR *(Name):* Plaintiff

*FOR COURT USE ONLY*

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 09 2011

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF/PETITIONER: Ralf Singh-Bischofberger, et al.

DEFENDANT/RESPONDENT: Sur La Table, Inc., et al.

CASE NUMBER:
BC461167

Ref. No. or File No.:
Sur La Table

**PROOF OF SERVICE OF SUMMONS**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Voluntary Efficient Litigation Stipulations

3. a. Party served: Sur La Table, Inc., a Washington corporation

   b. Person Served: Business Filings Incorporated, Leslie Fuller - Person authorized to accept service of process

4. Address where the party was served: 1232 Q St., 1st Floor
   Sacramento, CA 95811

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) or *(date):* 6/1/2011        (2) at *(time):* 12:51 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Sur La Table, Inc., a Washington corporation

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Jermaine deJose
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 62.00
   e. I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 2008-47
          (iii) County SACRAMENTO

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 6/1/2011

Jermaine deJose
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council California POS-010
(Rev. Jan 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6748692

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV11- 5495 DSF  (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| RALF SINGH-BISCHOFBERGER | SUR LA TABLE, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Shaun Setareh; Hayley Schwartzkopf, LAW OFFICES OF SHAUN SETAREY 9454 Wilshire Boulevard, Penthouse Floor, Beverly Hills, CA 90212 Tel: (310) 888-7771; Fax: (310) 888-0109 | Patricia K. Gillette; Andrew R. Livingston; Brooke D. Arena; Aubry Holland ORRICK, HERRINGTON & SUTCLIFFE, LLP 405 Howard Street, San Francisco, CA 94105 Tel: (415) 773-5700; Fax: (415) 773-5759 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☑5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☐1 Original Proceeding  ☑2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 9132(d), 1441, 1446, 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **LACV11-5495**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant is informed and believes it is: County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Washington |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date 7/1/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |